498 So.2d 450 (1986)
JEFFERSON BANK & TRUST, a Colorado Banking Corporation, Appellant,
v.
Joan Linda LEVY, Appellee.
No. 86-60.
District Court of Appeal of Florida, Third District.
July 29, 1986.
*451 Therrel Baisden & Meyer Weiss and Howard A. Setlin, for appellant.
Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson and Bradford Swing, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The sum of the evidence accepted by the trial court as "clear and convincing" evidence[1] that personal service was not effected upon the defendant-appellee at the residence of her father, as indicated in the sheriff's return of service, was (a) the testimony of the defendant herself, uncorroborated by any other witness or piece of tangible evidence, that she had not been served and that, although she had often been at her father's home, she was living elsewhere and was not present at the date and time reflected in the return and (b) the testimony of the father that on an unspecified occasion there had been an attempt to serve the defendant at his home which failed because she was not present at the time; he stated, however, that she had access and a key to the house during the period in question and that he had no knowledge as to whether or not she had been served there when the return said she had. This showing was, if anything, substantially weaker than that found to be insufficient as a matter of law to impeach the return in the comprehensive and well-considered opinion on the subject in Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983). There  although, in addition to rather specific denials of service by the defendant herself, there was affirmative testimony that she had never visited the place where she was supposedly served  a trial court order vacating the service of process was set aside. On the authority of, and for the reasons stated in Slomowitz, we reach the same conclusion. Accordingly the order under review is reversed and the cause remanded for further proceedings consistent herewith.
Reversed.
NOTES
[1] See Clements Naval Stores Co. v. J.S. Betts Co., 85 Fla. 49, 95 So. 126 (1923); Golden Gate Dev. Co. v. Ritchie, 140 Fla. 103, 191 So. 202 (1939); Winky's Inc. v. Francis, 229 So.2d 903 (Fla. 3d DCA 1969).