PER CURIAM.
The appealed order terminating the father’s parental rights must be reversed because the court did not obtain personal jurisdiction over the father in accordance with the requirements of law, and the error *72 was adequately preserved by timely objection to such jurisdiction. The summons issued and served did not include the language required by rule 8.505, Florida Rules of Juvenile Procedure, to adequately advise the parent of the consequences of not responding and appearing at the stipulated date and time.[1] Furthermore, the return of service indicated that a copy of the summons was served on the parent, but did not indicate that a copy of the petition was served with the summons.
REVERSED.
ZEHMER, BARFIELD and WEBSTER, JJ., concur.

. That rule provides in part:
The summons shall notify the required persons of the filing of the petition and shall contain the following language:
"You must either appear on the date and at the time specified or send a written response to the court before that time. Your failure to appear or respond may be treated as consent to the termination of your parental rights and you may lose all legal rights as a parent to the child or children named in the petition attached to the summons."