641 So.2d 495 (1994)
FLORIDA NATIONAL BANK, n/k/a First Union National Bank of Florida, Appellant,
v.
Leyda HALPHEN, Appellee.
No. 94-535.
District Court of Appeal of Florida, Third District.
August 24, 1994.
*496 Friedman & Greenberg and Robert D. Friedman, Plantation, for appellant.
Gilbride, Heller & Brown and Randall Nordlund, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and COPE, JJ.
BASKIN, Judge.
We reverse the order setting aside a default judgment entered in favor of appellant First Union National Bank of Florida. "[A] return of service which is regular on its face is presumed valid unless clear and convincing evidence is presented to the contrary. Furthermore, a defendant cannot impeach a summons by simply denying service, but must present `clear and convincing evidence' to corroborate his denial of service." Lazo v. Bill Swad Leasing Co., 548 So.2d 1194, 1195 (Fla. 4th DCA 1989) (citations omitted). Appellee Halphen has not satisfied this high burden of proof: denial by the defendant that she was personally served and testimony that she was not a resident at her mother's address, where she visited, is insufficient to impeach service, Jefferson Bank & Trust v. Levy, 498 So.2d 450, 451 (Fla. 3d DCA 1986); Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983), deemed sufficient by the court entering the default judgment. The trial court erred in setting aside the default judgment; the order is reversed and the cause is remanded.
Reversed and remanded.