657 So.2d 86 (1995)
Wayne SMITH, Appellant,
v.
CUBAN AMERICAN NATIONAL FOUNDATION, Appellee.
No. 94-2835.
District Court of Appeal of Florida, Third District.
July 19, 1995.
Alfredo G. Duran, Miami, for appellant.
G. Luis Dominguez, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal by the defendant Wayne Smith from a non-final trial court order denying his pretrial motion to quash service of process and dismiss the complaint filed below in a defamation action, based on the ground of no personal jurisdiction over the defendant. We affirm.
First, we reject the defendant's contention that the assertion of in personam jurisdiction over the defendant, a non-resident of Florida, violated the defendant's due process rights. The defendant prima facie committed a defamatory tort in this state by making certain allegedly defamatory statements in a televised interview conducted in Washington, D.C. for a PBS documentary film under circumstances in which it was entirely foreseeable that the subject film would be aired in Florida, which in fact it was. Madara v. Hall, 916 F.2d 1510, 1515 (11th Cir.1990); Madera v. Hall, 717 F. Supp. 812, 817 (S.D.Fla. 1989). Consequently, the defendant was amenable to suit in Florida under Section 48.193(1)(b), Florida Statutes (1993), as he prima facie committed a tort in Florida. Moreover, it is settled that "by committing a tort in Florida a nonresident [defendant] establishes sufficient `minimum contacts' with Florida to justify the acquisition of in personam jurisdiction over him by personally serving him outside the state." Godfrey v. Neumann, 373 So.2d 920, 922 (Fla. 1979).
*87 Second, we reject the defendant's contention that the trial court erred in failing to conduct an evidentiary hearing on the defendant's motion to quash service of process. The return of service filed in this cause clearly establishes that the defendant was properly served under Section 48.031(1)(a), Florida Statutes (1993); and, contrary to the defendant's argument, the affidavit filed by the defendant below asserts no personal knowledge, only inadmissible hearsay, to controvert the return of service. This being so, there was no necessity to conduct an evidentiary hearing as the unrefuted return of service was sufficient to establish that the service of process was entirely proper in this case. Florida Nat'l Bank v. Halphen, 641 So.2d 495 (Fla. 3d DCA 1994); Jefferson Bank & Trust v. Levy, 498 So.2d 450 (Fla. 3d DCA 1986); Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983).
Affirmed.