671 So.2d 818 (1996)
TELF CORPORATION, a Florida corporation, and Jesus Paredes, a/k/a Jesus Osvaldo Paredes, individually, Appellants,
v.
Ivon GOMEZ, Appellee.
No. 96-2.
District Court of Appeal of Florida, Third District.
April 3, 1996.
Jesus Huerta, South Miami, for appellants.
Jose C. Bofill; David Pollack, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
PER CURIAM.
We affirm the order of the trial court denying appellants' respective motions to quash service of process. It has well been established that a process server's return of service on a defendant which is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary. Florida Nat'l Bank v. Halphen, 641 So.2d 495 (Fla. 3d DCA 1994); Lazo v. Bill Swad Leasing Co., 548 So.2d 1194 (Fla. 4th DCA 1989); Slomowitz v. Walker, 429 So.2d *819 797 (Fla. 4th DCA 1983); Brugh v. Savings & Profit Sharing Pension Fund of United Ins. Co. of Am., 211 So.2d 613 (Fla. 1st DCA 1968). Further, a defendant may not impeach the validity of the summons with a simple denial of service, but must present `clear and convincing evidence' to corroborate his denial. Halphen, 641 So.2d at 496; Jefferson Bank & Trust v. Levy, 498 So.2d 450 (Fla. 3d DCA 1986). Where as here, the individual appellant, who happens also to be the resident agent/officer/director/shareholder of the corporate appellant, sought to attack the service of process with uncorroborated affidavits that he did not reside at the address to which service was accepted and that the corporate appellant transacted no business at that address, we conclude that appellants have not sustained their high burden of demonstrating the invalidity of their service.
Affirmed.