VAN NORTWICK, J.
Mowrey Elevator Company of Florida, Inc. (Mowrey Elevator), appeals • a final order dismissing its complaint for breach of contract on the grounds that appellee, Automated Integration, Inc. (Automated), a non-resident Colorado corporation, has insufficient minimum contacts with the State of Florida to subject it to in person-am jurisdiction. Because the affidavits submitted by the parties on the jurisdictional issue are in conflict on the critical issue of whether Automated purposefully availed itself of the privilege of conducting business in Florida, we remand for an evidentiary hearing. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla. 1989).
Mowrey Elevator purchased an accounting and dispatching software program from Automated. As part of the sales package, Automated provided on-site training. After making full payment for the software and services, Mowrey Elevator became dissatisfied contending that the software had been improperly installed and failed to meet its technical needs. Thereafter, Mowrey Elevator filed suit for breach of contract in Leon County, Florida.
Both parties apparently agree, and the trial court found, that Mowrey Elevator’s complaint alleges sufficient jurisdictional facts to bring this action within the ambit of Florida’s long-arm statute, section 48.193(g), Florida Statutes (1997)(provid-ing for jurisdiction over defendant that breaches a contract in Florida by failing to perform acts required by the contract to be performed in Florida). The issue in this case is whether the due process requirement of minimum contacts has been met. Florida courts cannot acquire personal jurisdiction over a non-resident, even though the requirements of the long-arm statute have been met, if that non-resident does not have minimum contacts with Florida so that maintenance of the suit will offend traditional notions of fair play and substantial justice. Venetian Salami Co., 554 So.2d at 502; see International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
As the United States Supreme Court determined in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 479, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), whether a Florida party’s contract with an out-of-state party can establish sufficient minimum contacts depends upon several factors. The contract itself is ordinarily merely the intermediate step in the process between the prior business negotiations and the completed future consequences of the contract. As the Burger King court stated:
It is these factors — prior negotiations and contemplated future consequences, along with the terms of the contract and the parties’ actual course of dealing— that must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum.
In Venetian Salami, the Supreme Court of Florida set forth the procedure to follow in determining a motion to dismiss for lack of personal jurisdiction. The plaintiff initially pleads the basis for jurisdiction in the complaint. In opposition, a defendant *1048 will then file a motion to dismiss challenging the court’s jurisdiction with supporting affidavits, deposition testimony, or other proof. Venetian Salami, 554 So.2d at 502; Hyco Mfg. Co. v. Rotex Int’l Corp., 355 So.2d 471, 473 (Fla. 3d DCA 1978); Elmex Corp. v. Atlantic Federal Savings & Loan Ass’n, of Fort Lauderdale, 325 So.2d 58, 62 (Fla. 4th DCA 1976). Thereafter, the burden of going forward with evidence on the question of jurisdiction shifts back to the plaintiff, who must present competent-proof to establish jurisdiction with sworn affidavits, testimony, a verified complaint or documents. See Venetian Salami, 554 So.2d at 502; Tobacco Merchants Assoc. of the U.S. v. Broin, 657 So.2d 939, 941 n. 3 (Fla. 3d DCA 1995); Elmex Corp., 325 So.2d at 62, n. 6 (describing this proceeding “based upon [the] complaint and motion, with affidavits or other proof, ... [as] a ‘minitrial’ or ‘trial within a trial’ in which he issue of the applicability of the long-arm statute is decided”). If the affidavits and/or testimony can be harmonized, the trial court is in a position to make a determination based upon undisputed facts. However, if the evidence presented by the parties conflicts, the trial court must then hold an evidentiary hearing to resolve the jurisdictional issue. Venetian Salami, 554 So.2d at 503.
Here, the affidavits of the parties filed on the jurisdictional issue are in direct conflict on the question of whether Automated purposefully availed itself of the privilege of conducting business in Florida. Specifically, the affidavit of Mow-rey Elevator’s representative states that Mowrey Elevator received sales proposals from Automated in July, August and September 1997, and that the president of Automated, Jacques Blanchard, actually came to Mowrey Elevator to present a sales presentation in person in September 1997. Further, the affidavit of Mowrey Elevator states that there was training for five days in October and then again in November for three days. In February, president Jacques Blanchard returned in hopes of solving the problem with the software.
The affidavit of Jacques Blanchard is directly contrary. According to him, the sale of the software was finalized over the telephone after Mowrey Elevator saw Automated’s advertisement in a trade magazine. According to him, the software was shipped to Mowrey Elevator and Mowrey installed the program itself with Automated providing consulting services in September 1997 to show Mowrey how the software operated.
Further, we note that it appears from an exhibit attached to the complaint that Automated still has several tasks to complete on the contract. It is not clear whether these tasks must be performed in Florida, a fact which would lend force to Mowrey Elevator’s contention that personal jurisdiction does exist.
In view of the direct factual conflicts in the affidavits, the trial court was obligated to hold an evidentiary hearing to resolve the jurisdictional issue. Id. Thus, we reverse and remand with directions that the trial court hold an evidentiary hearing on the issue of in personam jurisdiction.
REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS AND LAWRENCE, JJ., CONCUR.