825 So.2d 1038 (2002)
M.J.W., Mother of J.W., A Child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D01-4074.
District Court of Appeal of Florida, First District.
September 13, 2002.
*1039 Noel G. Lawrence, Jacksonville, for Appellant.
Cynthia L. Dubell of the Department of Children and Families, Jacksonville, for Appellee.
VAN NORTWICK, J.
M.J.W. (the mother) appeals a final order terminating her parental rights. We reverse because the Department of Children and Families, appellee, did not serve the mother, personally or by publication, with a notice of the termination proceeding as required by section 39.801, Florida Statutes (1999), and Florida Rule of Juvenile Procedure 8.505(a)(1) and (c). As a result of our holding on the service issue, we do not address the other issues raised by the mother.
On September 23, 1998, the Department filed a petition for dependency alleging that the mother had no known place of residence, no known source of income, and a history of mental problems and that she had failed to provide the child with a safe, secure and stable home. The petition was granted at the conclusion of the dependency hearing on December 16, 1998. Pursuant to the mother's case plan, she was to maintain a stable income, seek out and maintain a stable living arrangement, ensure that the residence had utilities in working order, schedule a psychological evaluation, and follow the treatment regimen of her doctors. The record reflects that the mother moved to Atlanta, Georgia, and made no effort to work with the Department concerning compliance with her case plan.
The Department filed a petition for termination of parental rights on September 28, 1999, alleging that the child had been neglected and abandoned. The petition alleged that the mother lacked stable housing, had failed to schedule a psychological evaluation, had failed to provide proof of income or pay child support, and had failed to maintain a relationship with her daughter by exercising visitation.
At the initial advisory hearing on the petition on October 18, 1999, counsel for the Department advised the court that the sheriff in DeKalb County, Georgia, had been provided with the petition for termination, but that he had been unable to effectuate service of process on the mother. Counsel represented that a Department *1040 counselor had spoken to the mother over the telephone.
On October 27, 1999, the Department filed a notice of filing of the sheriff's return of service/affidavit as to the mother, which stated that after diligent search and inquiry the mother could not be found in DeKalb County, Georgia. At another advisory hearing on December 3, 1999, a Department counselor testified that she spoke with the mother during the week prior to the hearing. The counselor stated that the mother told her, "she didn't have time to come down here and she wanted me to come up and take a deposition."
A notice of the final adjudicatory hearing, scheduled to be held on January 31, 2000, was mailed to the mother's address in Atlanta, Georgia. At the final adjudicatory hearing, the Department counselor testified that she had spoken with the mother again and explained to her that the proceeding would affect the mother's rights concerning her child; but that the mother advised her that she would not be coming to court and that she wished to be left alone.
After the adjudicatory hearing, but before the court issued its ruling, the Department filed a document entitled "an Affidavit of Avoidance of Service of Process" signed by the counselor assigned to the mother's case. It stated that the Department had made several attempts to serve the mother with process and that the counselor had spoken to the mother on numerous occasions and was informed that the mother would not accept service of process. The Department also provided evidence that it notified the father of the adjudicatory hearing by publication, in accordance with Florida Rule of Juvenile Procedure 8.505(c). The Department provided no evidence of notice by publication as to the mother. On February 24, 2000, the court entered an order terminating the parental rights of both the mother and the father.
Pursuant to section 39.801(1), Florida Statutes (1999):
All procedures, including petitions, pleadings, subpoenas, summonses, and hearings, in termination of parental rights proceedings shall be according to the Florida Rules of Juvenile Procedure unless otherwise provided by law.
Under section 39.801(3)(a), notice of the advisory hearing and a copy of the petition to terminate parental rights must be personally served upon the parents. If the notice cannot be personally served, under section 39.801(3)(b), "notice of hearings must be given as prescribed by the rules of civil procedure, and service of process must be made as specified by law or civil actions." Florida Rule of Juvenile Procedure 8.505, sets forth the requirements governing service of process in a proceeding for termination of parental rights, in relevant part, as follows:
(a) Personal Service. Upon the filing of a petition requesting the termination of parental rights a copy of the petition and notice of the date, time, and place of the advisory hearing must be personally served on
(1) the parents;
* * *
(c) Constructive Service. Parties upon whom personal service of process cannot be effected shall be served by publication as provided by law.
Procedural due process contemplates that a defendant in a termination proceeding will be given fair notice and afforded a real opportunity to be heard and defend in an orderly procedure. See J.B. v. Florida Dep't of Children and Family Servs., 768 So.2d 1060, 1063-64 (Fla.2000). The object and purpose of service *1041 of process is to give notice of the proceedings to the opposing party so that he or she may be given the opportunity to defend the suit. See Bay City Mgmt., Inc. v. Henderson, 531 So.2d 1013 (Fla. 1st DCA 1988). The burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court and, without proper service of process, the court lacks personal jurisdiction over the defendant. See Carlini v. State, Dep't of Legal Affairs, 521 So.2d 254 (Fla. 4th DCA 1988).
Under section 39.801, Florida Statutes (1999), and Florida Rule of Juvenile Procedure 8.505(a)(1), a parent in a termination proceeding must be personally served with the petition and notice of an advisory hearing. See M.E. v. Florida Dep't of Children & Family Servs., 728 So.2d 367, 368 (Fla. 3d DCA 1999); see also J.B., 768 So.2d at 1065-67 (stating that twenty-four hours' notice of advisory hearing is insufficient to satisfy minimum due process requirements). If personal service cannot be effected, rule 8.505(c) provides that service may be obtained by publication.
The Department presented evidence that it was unable to obtain personal service of process upon the mother. The Department, however, did not seek to serve the mother by publication. Instead, the Department has relied upon submission of the "Affidavit of Avoidance of Service of Process." Such an affidavit, however, is not by itself a statutorily prescribed means of providing personal or constructive service in a parental termination proceeding.
Additionally, the fact that J.W.'s mother may have received actual notice of this proceeding does not establish a lawful service of process. As the Florida Supreme Court explained in Bedford Computer Corp. v. Graphic Press, Inc., 484 So.2d 1225, 1227 (Fla.1986) quoting Napoleon B. Broward Drainage District v. Certain Lands Upon Which Taxes Were Due, 160 Fla. 120, 33 So.2d 716, 718 (Fla.1948):
It is established law that when substituted or constructive service is substituted in place of or for personal service a strict and substantial compliance with the provisions of said statute must be shown in order to support the judgment or decree based on such substituted or constructive service.... The inquiry must be as to whether the requisites of the controlling statute have been complied with.... The fact that the defendant had actual knowledge of the attempted service cannot be relied upon to justify the failure of the plaintiff to strictly observe and substantially comply with a statute authorizing service by publication.
Section 39.801(1) and (3)(a) and rule 8.505(a)(1) and (c) provide the sole manner to effect service of process in a parental termination proceeding. The Department failed to comply with these provisions. Consequently, the trial court did not acquire jurisdiction to consider the Department's petition for termination of the mother's parental rights.
Accordingly, we REVERSE the order terminating the mother's parental rights and REMAND for proceedings consistent with this opinion.
BOOTH, J., CONCURS AND BENTON, J., CONCURS IN RESULT.