GROSS, J.
The Guardian Ad Litem Program timely appeals a circuit court order allowing it to adopt the petition for termination of parental rights (TPR), which had been voluntarily dismissed by the Department of Children & Families, but requiring it to *1214 file its own petition, serve it on the father, and begin a new adjudicatory hearing.
We affirm the requirement of a new adjudicatory hearing, but reverse the portion of the order mandating the filing of a new petition with service upon the father.
The Department filed a petition for termination against the mother and father of R.A., alleging grounds under section 39.806(1)®, Florida Statutes (2002). Trial began on March 3, 2003, and continued on March 6, March 7, and April 1, 2003. On April 1, in the middle of the adjudicatory hearing, the Department announced a voluntary dismissal of the petition as to the father.
The Guardian noticed all parties and the court that it would be adopting the petition against the father, pursuant to Florida Rule of Juvenile Procedure 8.500(f). The Guardian essentially sought to jump into the middle of the case and step into the shoes of the Department, so that the case could proceed without interruption. The Guardian stated that it would adopt the Department’s pre-trial statement and would offer only witnesses and evidence that the Department had offered and had planned to offer in the remainder of the trial, so that the father would not suffer any prejudice.
The father objected to the Guardian proceeding in this manner, contending that his trial strategy would significantly change due to the Department’s dismissal of its petition. The Attorney Ad Litem for the child also objected, noting that “the strategies would just by nature be different knowing that the Department is no longer pursuing a TPR case against the father.”
The trial court granted the Guardian’s motion to adopt the Department’s petition. However, the order required compliance with “every statutory guideline set forth” in Chapter 39, Florida Statutes (2002), including reservice of the TPR petition upon the father.
Rule 8.500(f) provides:
The petitioner, without leave of court, at any time before entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice of request of dismissal on all parties or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 72 hours. Unless otherwise stated, the dismissal shall be without prejudice.
(Emphasis added).
The rule must be read in the context of Chapter 39. To adopt a TPR petition under rule 8.500(f), a party must be one that could have filed a petition in the first place. A petition may be initiated by “the department, the guardian ad litem, or any other person who has knowledge of the facts alleged or is informed of them and believes that they are true.” § 39.802(1), Fla. Stat. (2002); see Fla. R. Juv. P. 8.500(a)(2) (noting that Department, guardian, licensed child-placing agency, or any person having knowledge of the facts may file a TPR). A petition must be filed “under oath stating the petitioner’s good faith in filing the petition.” § 39.802(2). To adopt a petition under rule 8.500(f), the adopting party must comply with the oath requirement of section 39.802(2).
The jurisdiction of the court over a parent in a termination proceeding is invoked by the filing of the petition and the service of the petition upon the parent. See M.J.W. v. Dep’t of Children & Families, 825 So.2d 1038, 1041 (Fla. 1st DCA 2002) (observing that without proper service of process upon a defendant in a termination proceeding, “the court lacks personal jurisdiction over the defendant”); B.G. v. Fla. *1215 Dep’t of Health & Rehab. Servs., 611 So.2d 71 (Fla. 1st DCA 1992). We read the language of rule 8.500(f) — that the “court loses jurisdiction unless another party adopts the petition within 72 hours” — as dispensing with the requirement that the petition be re-served upon the parent. Thus, we reverse that portion of the circuit court order requiring service of process.
After a party has adopted a petition under rule 8.500(f) and consistent with section 39.802(2), the court must reschedule the adjudicatory hearing to start anew. We agree with counsel for the father that a parent’s trial strategy may differ depending on the party bringing the termination petition. We note that at the new adjudicatory hearing, the party that adopted the petition may rely on section 39.809(3), Florida Statutes (2002), which provides in pertinent part:
For purposes of the adjudicatory hearing, to avoid unnecessary duplication of expense, the judge may consider in-court testimony previously given at any properly noticed hearing, without regard to the availability or unavailability of the witness at the time of the actual adjudicatory hearing, if the recorded testimony itself is made available to the judge. Consideration of such testimony does not preclude the witness being subpoenaed to answer supplemental questions.
WARNER and HAZOURI, JJ., concur.