867 So.2d 603 (2004)
Calvin THOMPSON, Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, Appellee.
No. 1D03-2975.
District Court of Appeal of Florida, First District.
March 5, 2004.
*604 Esther A. Zaretsky, West Palm Beach, for Appellant.
Charles J. Crist, Jr., Attorney General and Toni C. Bernstein and William H. Branch, Assistant Attorneys General, Tallahassee, for Appellee.
VAN NORTWICK, J.
Calvin Thompson appeals a non-final order denying his motion to quash service of process in this support-administrative paternity action filed by the Department of Revenue. We reverse and remand for an evidentiary hearing pursuant to Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502-03 (Fla.1989).
Pursuant to section 409.2564, Florida Statutes (2002), the Department filed an action to establish and enforce child support for Thompson's four year-old daughter. The petition was served at 625 F Covenant Drive, Belle Glade, Florida 33430, and accepted by Thompson's wife. Thompson filed a motion to dismiss/quash for lack of service of process stating that he was not present at the Belle Glade address and was not personally served. In his attached affidavit, Thompson stated that he has been separated from his wife, that he has not resided at that address for over three years, and that he did not authorize anyone to accept service of process on his behalf.
The trial court entered an order ruling that any jurisdictional defect could be cured by mailing a copy of the petition and accompanying documents to Thompson's attorney, "who has made a general appearance." The Department correctly concedes that the jurisdictional defect cannot *605 be cured in the manner suggested by the trial court and that Thompson's argument that the trial court lacked personal jurisdiction was not waived because Thompson neither took affirmative action nor sought affirmative relief prior to raising the alleged defect. See Coto-Ojeda v. Samuel, 642 So.2d 587, 588 (Fla. 3d DCA 1994)(Cope, J., specially concurring).
Turning to the merits, "[s]ection 48.031 expressly requires that substituted service be at the person's usual place of abode." Shurman v. Atlantic Mortgage & Investment Corp., 795 So.2d 952, 954 (Fla. 2001). The requirement "usual place of abode" means "the place where the defendant is actually living at the time of service." Id., citing State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 147 (1940). The burden of proof to sustain the validity of service of process is upon the person who seeks to invoke the jurisdiction of the court and, without proper service of process, the court lacks personal jurisdiction over the defendant. M.J.W. v. Department of Children and Families, 825 So.2d 1038, 1041 (Fla. 1st DCA 2002).
"[A] process server's return of service on a defendant which is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary." Telf Corp. v. Gomez, 671 So.2d 818 (Fla. 3d DCA 1996). Although simple denial of service is not sufficient, id. at 819, Thompson's motion and affidavit are based on the fact that the service did not comply with section 48.031 and was therefore legally deficient. National Safety Associates, Inc. v. Allstate Insurance Co., 799 So.2d 316, 317 (Fla. 2d DCA 2001). Thompson's affidavit makes a prima facie showing that he was not served at his usual place of abode by valid substituted service. See, e.g., S.H. v. Department of Children and Families, 837 So.2d 1117, 1118 (Fla. 4th DCA 2003)(invalidating substituted service on father at mother's address, where mother's residence was not father's "usual place of abode" at the time of service); Gonzalez v. Totalbank, 472 So.2d 861 (Fla. 3d DCA 1985)(invalidating substituted service when wife was separated from husband and not living at address where service was attempted). Having raised the issue of personal jurisdiction, Thompson's motion and accompanying affidavit placed the burden on the Department to establish the validity of service of process. M.J.W., 825 So.2d at 1041. Accordingly, the cause is reversed and remanded for an evidentiary hearing to determine whether the attempted service of Thompson pursuant to section 48.031, Florida Statutes (2003), was valid. See Venetian Salami, 554 So.2d at 502-03; Mowrey Elevator of Florida, Inc. v. Automated Integration, 745 So.2d 1046, 1047-48 (Fla. 1st DCA 1999).
REVERSED and REMANDED.
KAHN and BENTON, JJ., concur.