COHEN, J.
 

 Charley D. Price appeals a final judgment dismissing his complaint for lack of personal jurisdiction. We review this matter de novo and reverse.
 
 See Wendt v. Horowitz,
 
 822 So.2d 1252, 1256 (Fla.2002).
 

 Price and John F. Kronenberger, Appel-lee, were members of the Korean War Veteran’s Association (hereinafter “KWVA”). About a year after being expelled from the KWVA, Kronenberger, an Illinois resident, sent an e-mail to various members informing them that Price, a Florida resident, earned his law degree from a “correspondence school where you send in a check and they send you a degree. Monticello is an Internet University that grants Juris Doctor degrees with no schooling required.” The e-mail also stated, “After a call to the American Bar Association it was learned that there is no Monticello School of Law accredited in the US.” This e-mail was received by members throughout the country, some of whom live in Florida. Price attached this e-mail to his complaint when he sued Kro-nenberger for defamation.
 

 Kronenberger moved to dismiss the complaint, asserting lack of personal jurisdiction because the complaint did not sufficiently allege facts to confer jurisdiction and also did not allege he had sufficient minimum contacts with the state. The crux of Kronenberger’s argument, both to the trial court and on appeal, is that personal jurisdiction cannot be asserted over him because he only generally addressed the e-mail to members of KWVA and did not specifically target Florida residents as recipients. This argument is predicated on section 48.193(2), Florida Statutes (2007), which provides for general jurisdiction over a non-resident who is “engaged in substantial and not isolated activity” in this state. Although the trial court was persuaded by this argument, we are not, because the allegations of the complaint plainly implicate section 48.193(l)(b).
 

 Section 48.193(l)(b) provides specific long-arm jurisdiction over a nonresident who commits a tortious act in this state. A complaint that alleges a nonresident committed a tortious act based on communications directed into Florida tele-phonically, electronically, or in writing sufficiently alleges personal jurisdiction under section 48.193(l)(b).
 
 See Wendt,
 
 822 So.2d at 1260;
 
 Acquadro v. Bergeron,
 
 851 So.2d 665, 670 (Fla.2003). Price’s complaint did just this when it alleged Kronenberger sent the e-mail to various members of KWVA, some of whom live in Florida.
 

 By publishing the e-mail in Florida and directing the defamatory comments at a Florida resident, Kronenberger established minimum contacts with this state.
 
 See Silver v. Levinson,
 
 648 So.2d 240, 243-44 (Fla. 4th DCA 1994) (Connecticut resident could reasonably anticipate being haled into Florida court where he sent a defamatory letter into Florida, directed at a Florida resident, that was “designed to have an effect” in Florida);
 
 Smith v. Cuban Am. Nat’l Found.,
 
 657 So.2d 86, 86 (Fla. 3d DCA 1995) (personal jurisdiction properly exercised over nonresident defendant who allegedly made defamatory statements about a Florida resident in an interview that occurred in Washington D.C., where it was foreseeable that the documentary containing the interview would be, and was, aired in Florida). Neither
 
 *777
 

 Dring v. Sullivan,
 
 423 F.Supp.2d 540 (D.Md.2006), nor
 
 Burleson v. Toback,
 
 391 F.Supp.2d 401 (M.D.N.C.2005), dictate a contrary result.
 

 In
 
 Dring,
 
 423 F.Supp.2d at 545, the court found it could not exercise personal jurisdiction over the nonresident defendant because the relevant provision of Maryland’s long-arm statute provided jurisdiction when the out-of-state tortious act was committed by a person who regularly conducted business or engaged “in any other persistent course of conduct in the State.” Notably, no such requirement is contained in Florida’s long-arm statute.
 
 Burleson,
 
 391 F.Supp.2d at 414, is likewise distinguishable because the court found, in part, that there was no evidence that the nonresident defendants’ electronic activity of allowing its users to post comments on a website forum was directed into North Carolina. In stark contrast, Kronenber-ger specifically sent his defamatory e-mail to certain members of KWVA, some of whom live in Florida. By doing so, he directed his electronic activity into Florida.
 

 Based on the foregoing, we find that Price’s complaint sufficiently alleged facts to support personal jurisdiction over Kro-nenberger and that by sending the e-mail into Florida, Kronenberger established sufficient minimum contacts such that he could reasonably anticipate being haled into a Florida court.
 
 [1]
 
 Consequently, we reverse the final judgment dismissing Price’s complaint and remand for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 GRIFFIN, J., and BERGER, W., Associate Judge, concur.
 

 [1]
 

 . This opinion in no way reflects on the mer- . its of Price's complaint.