MARSTILLER, J.
We reverse the order on appeal denying Appellant’s motion to set aside a final judgment of foreclosure and foreclosure sale for invalid service of process. Competent, substantial evidence does not support the trial court’s finding that Appellant “was duly and properly served in accordance with Florida law when the process was served upon and accepted by his wife[.]”
Seeking to foreclose on Florida property owned by Appellant and his wife, Appellee served process on the wife at her home located at 18473 Hollow Hills Drive, Pacific, Missouri 63069. The wife accepted process for Appellant. Neither Appellant nor his wife answered the foreclosure complaint or otherwise appeared in the proceedings. Ultimately, the trial court entered a default judgment of foreclosure, and Appellee purchased the foreclosed property.
Appellant thereafter moved to set aside the judgment and sale arguing that Appellee did not properly serve him with process under section 48.031, Florida Statutes (2010). The statute provides, in pertinent part:
(1)(a) Service or original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents....
[[Image here]]
(2)(a) Substitute service may be made on the spouse of the person to be served at any place in the county, if the cause of action is not an adversary proceeding between the spouse and the person to be served, if the spouse requests such service, and if the spouse and person to be served are residing together in the same ' dwelling.
One’s “usual place of abode” for purposes of valid service under section 48.031(l)(a) is “ ‘the place where the defendant is actually living at the time of service.’ ” Thompson v. State, Dep’t of Revenue, 867 So.2d 603, 605 (Fla. 1st DCA 2004) (quoting Shurman v. Atl. Mortgage & Inv. Corp., 795 So.2d 952, 954 (Fla.2001)). “The word ‘abode’ means ‘one’s fixed place of residence for the time being when service is made.’ If a person has more than one residence, he must be served at the residence in which he is actually living at the time of service.” Torres v. Arnco Constr., Inc., 867 So.2d 583, 586 (Fla. 5th DCA 2004) (quoting State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 147 (1940)). As to subsection (2)(a), substitute service on a spouse is permissible only if the spouses “are residing together in the same dwelling.” “[B]ecause statutes authorizing substituted service are exceptions to the general rule requiring a defendant to be served personally, due process requires strict compliance with their statutory requirements.” Torres, 867 So.2d at 586.
*1284 A party seeking to invoke the court’s jurisdiction has the burden to prove proper service of process, and a process-server’s return of service, regular on its face, is presumptive evidence of valid service, absent clear and convincing evidence to the contrary. See Green v. Jorgensen, 56 So.3d 794, 798 (Fla. 1st DCA 2011); Thompson, 867 So.2d at 605. If the presumption is overcome, the party asserting valid substitute service then has the burden to prove service was proper. See Thompson; see also Haueter-Herranz v. Romero, 975 So.2d 511, 518 (Fla. 2d DCA 2008).
At the hearing on the motion to set aside the foreclosure judgment and sale, Appellant presented his wife’s deposition testimony and documentary evidence establishing that when Appellee’s process server left the summons and complaint with Appellant’s wife, Appellant did not live at the Hollow Hills Drive residence, or even in the same city. The evidence showed the spouses had separated two months earlier, and a petition for dissolution of their marriage was pending. The petition reflected that Appellant was residing at 1417 Crossbrook Drive, St. Louis, Missouri 63119. This evidence, we conclude, was sufficient to rebut the presumed validity of the substitute service. Cf. Thompson, 867 So.2d at 604-5 (finding affidavit of party challenging service prima facie evidence that substitute service was not valid where affidavit showed party was separated from his wife and for three years had not lived at residence where attempted service occurred).
Appellee countered with a copy of a personal financial statement, dated four days after process was served, in which Appellant listed the Hollow Hills Drive location as his address. But the document was insufficient to prove the Hollow Hills Drive address was Appellant’s “usual place of abode.” See State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 147-48 (1940) (finding a party’s “usual place of abode” was at his family’s apartment in Miami Beach, although his permanent address was in Minnesota); Cordova v. Jolcover, 942 So.2d 1045, 1046 (Fla. 2d DCA 2006) (stating that “an address is not synonymous with usual place of abode. One has but one usual place of abode.”). Ap-pellee also introduced the deposition testimony of its vice president indicating that in the months following service of process, Appellant told him he and his wife were reconciling. The vice president did not testify, however, that Appellant stated he was living at the Hollow Hills Drive address when Appellee’s process server attempted substitute service. Consequently, the trial court’s finding that Appellee effected valid substitute service of process is not supported by competent, substantial evidence. See Carone v. Millennium Settlements, Inc., 84 So.3d 1141 (Fla. 4th DCA 2012).
Because Appellant was not properly served by substitute service, the court lacked personal jurisdiction over him in the foreclosure proceedings. See Thompson, 867 So.2d at 605; M.J.W. v. Dep’t of Child. & Fams., 825 So.2d 1038, 1041 (Fla. 1st DCA 2002). Accordingly, we reverse the order denying Appellant’s motion to set aside the foreclosure judgment and sale.
REVERSED.
PADOVANO and ROWE, JJ., concur.