PER CURIAM.
This appeal arises from the trial court’s denial of appellant Margaret Cro-ney-Brown’s motion to quash service of process in the underlying foreclosure proceedings. In their initial brief, appellants (Mrs. Croney-Brown and her husband) argue that appellee U.S. Bank National Association (the “Bank”) failed to meet its burden of showing that it effectuated valid service of process by strictly complying with the service of process statutes. Section 48.031(5), Florida Statutes (2009), requires the process server to note the actual date and time of service on the summons. See also Fla. R. Civ. P. 1.070(e) (requiring that the “date and hour of service shall be endorsed on the original process and all copies of it by the person making the service”). When a process server fails to strictly comply with these rules, service must be quashed. See Kwong v. Countrywide Home Loans Servicing, L.P., 54 So.3d 1033, 1034 (Fla. 4th DCA 2011); Schupak v. Sutton Hill Assocs., 710 So.2d 707, 708 (Fla. 4th DCA 1998) (“Strict compliance with the statutes governing service of process is required.”). In this instance, the Bank’s process server placed the wrong date on Mrs. Croney-Brown’s summons,[1] a fact which the Bank never disputed.
Appellants further contend that Mrs. Croney-Brown did not waive the defect in service by making discovery requests and moving for sanctions (for failure to comply with court order compelling discovery).[2] These motions, which were purely defensive in nature, could not be maintained “independently of plaintiffs claim,” and thus, were not requests for affirmative relief. See Heineken v. Heineken, 683 So.2d 194, 197 (Fla. 1st DCA 1996) (“ ‘[A]ffirmative relief [is] ‘[r]elief for which defendant might maintain an action independently of plaintiffs claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it.’ ”) (quoting Grange Ins. Ass’n v. State, 110 Wash.2d 752, 757 P.2d 933, 940 (1988) (en banc) (quoting Black’s Law Dictionary 56 (5th ed. 1979))); see also Babcock v. Whatmore, 707 So.2d 702, 704 (Fla.1998).
Appellee advises this court that, in lieu of filing an answer brief, it concedes that the denial of Mrs. Croney-Brown’s motion to quash service was reversible error. We accept the appellee’s confession of error, and reverse and remand this cause to the trial court for further proceedings consistent herewith.

Reversed and Remanded.

STEVENSON, GROSS and TAYLOR, JJ., concur.

. When the Bank served Mrs. Croney-Brown, the process server listed the date and time of service on the Summons as September 1, 2009, at 9:40 p.m. Contrastingly, the date and time on the return of service indicated not only a different time, but a different date— September 2, 2009, at 9:40 a.m.

. The Bank has apparently abandoned the waiver argument, which appellants assert was its only argument below — and the argument upon which the trial court relied in denying the motion to quash.