DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**FRANK ROMEO** and **CONNIE YANG,**
s/h/a the unknown spouse of Frank Romeo,
Appellants,

v.

**US BANK NATIONAL ASSOCIATION,**
As Trustee For BNC Mortgage Loan Trust 2007-2, Mortgage Pass-Through Certificates, Series 2007-2, **SEBASTIAN LAKES CONDOMINIUM ASSOCIATION, INC**., et al.,
Appellees.

No. 4D14-185

[July 30, 2014]

Appeal of a non-final order from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312013CA0000738.

D. John Rhodeback of Rooney & Rooney, P.A., Vero Beach, for appellants.

K. Denise Haire of Blank Rome LLP, Boca Raton, for appellee US Bank National Association.

LEVINE, J.

Appellants appeal the trial court's non-final order denying their motion to quash service of process. Because the affidavits of service are not regular on their face, the trial court erroneously presumed that the service of process was valid. Thus, we reverse and remand.

US Bank National Association ("US Bank") filed a verified complaint for foreclosure of mortgage against Frank Romeo, his unknown spouse, and other defendants. The clerk of court issued alias summonses, dated September 12, 2013, for Frank Romeo and the unknown spouse of Frank Romeo. On September 23, 2013, US Bank filed affidavits of service stating that the alias summonses were "[r]eceived . . . on the 10th day of September, 2013," and that they were served on September 16, 2013,

upon Lena Romeo, listed as Frank's "wife."

Frank moved to quash service of process on him and his "unknown" spouse because the process server swore to receiving the summonses on September 10th even though they were not issued until September 12th; Lena Romeo is Frank's mother, not his wife; Lena was not residing at Frank's residence at the alleged time of service; and Connie Yang is his wife. Frank, Lena, and Yang all filed sworn affidavits supporting the allegations in the motion to quash.

The trial court held a hearing on Frank's motion. Appellants, Frank and Yang, did not attend but were represented by counsel who argued that service was improper because the affidavits of service were irregular on their face. US Bank's counsel did not present any additional evidence demonstrating that service was proper, but rather only argued that appellants failed to meet their burden because they were not at the hearing to testify. The trial court denied Frank's motion. Appellants timely appealed.

"The denial of a motion to quash service of process is subject to *de novo* review. Statutes governing service of process should be strictly construed." *Sunseeker Int'l Ltd. v. Devers*, 50 So. 3d 715, 717 (Fla. 4th DCA 2010) (citations omitted).

> The party invoking the court's jurisdiction has the burden of proving proper service of process. To meet that burden, a plaintiff may produce evidence of a valid return of service. "If the return is regular on its face, then the service of process is presumed to be valid . . . . However, if the return is defective on its face, it cannot be relied upon as evidence that the service of process was valid."

*Id.* (citations omitted). "When a process server fails to strictly comply with these rules, service must be quashed." *Brown v. U.S. Bank Nat'l Ass'n*, 117 So. 3d 823, 824 (Fla. 4th DCA 2013).

Section 48.031, Florida Statutes (2013), governs service of process. For individual service, section 48.031(1)(a), provides:

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person

2

residing therein who is 15 years of age or older and informing the person of their contents.

For substitute service, section 48.031(2)(a), provides:

> Substitute service may be made on the spouse of the person to be served at any place in the county, if the cause of action is not an adversary proceeding between the spouse and the person to be served, if the spouse requests such service, and if the spouse and person to be served are residing together in the same dwelling.

Section 48.21, Florida Statutes (2013), governs returns of executions of process. Section 48.21(1) provides that the process server "shall note on a return-of-service form attached thereto, **the date and time when it comes to hand**, the date and time when it is served, the manner of service, the name of the person on whom it was served." (emphasis added). Section 48.21(2) states that "[a] failure to state the facts . . . required by subsection (1) invalidates the service."

Florida courts have relied upon both the return of execution of process statute—section 48.21—and the general service of process statutes—sections 48.031 and 48.081—in determining whether a return is regular on its face. *Compare Koster v. Sullivan*, 103 So. 3d 882, 885 (Fla. 2d DCA 2012) ("[T]he determination that a return is regular on its face, no matter what type of service, is governed only by the language of section 48.21 and does not require express reference to section 48.031(1)(a) or any other statute that serves to define a specified manner of service."), *review granted*, 130 So. 3d 692 (Fla. 2013), *with Gonzalez v. Totalbank*, 472 So. 2d 861, 864 (Fla. 3d DCA 1985) (suggesting that in addition to deficiencies in a return under section 48.21, the lack of a requirement listed in section 48.031 could make a return of service defective on its face and invalidate service).

Here, the affidavits of service stated that the process server received the alias summonses on September 10th, but they were not issued until September 12th. Thus, the affidavits are defective on their face under section 48.21 because they actually state that they "came to hand before the summonses were even issued." *See Re-Employment Servs., Ltd. v. Nat'l Loan Acquisitions Co.*, 969 So. 2d 467, 472 (Fla. 5th DCA 2007) (holding that "the trial court was not permitted to presume that the service of process was valid" under section 48.21 where "the return of service was defective on its face because it actually stated that it came to hand before the summonses were even issued").

Further, the process server attested that he effected substituted service upon Frank through his unknown spouse, "Lena Romeo," and personally served her as well. However, Frank's motion and the multiple affidavits filed in support thereof demonstrate that Lena is Frank's mother, not his wife, and that she was not living at the residence when the service allegedly occurred. Frank's "motion and affidavit are based on the fact that the service did not comply with section 48.031 and was therefore legally deficient," making the affidavits of service defective on their face. *See Thompson v. Dep't of Revenue*, 867 So. 2d 603, 605 (Fla. 1st DCA 2004) (finding the return of service to be "legally deficient" for not complying with section 48.031 based on the respondent's "*prima facie* showing that he was not served at his usual place of abode by valid substituted service" because his sworn affidavit asserted that he was separated from his wife, had not lived at the residence for over three years, and did not authorize anyone there to accept service on his behalf).

Here, because the affidavits of service are "defective on [their] face," appellants were "not required to present clear and convincing evidence to overcome the presumption of validity." *Vives v. Wells Fargo Bank, N.A.*, 128 So. 3d 9, 15 (Fla. 3d DCA 2012); *see also Thompson*, 867 So. 2d at 605. Rather, "the burden shifted to [US Bank] to prove valid service." *Vives*, 128 So. 3d at 15; *see also Thompson*, 867 So. 2d at 605. Appellants' testimony would have been required only if the affidavits had been regular on their face. *Vives*, 128 So. 3d at 15; *Thompson*, 867 So. 2d at 605. Because the affidavits of service are not regular on their face, they "cannot be relied upon as evidence that the service of process was valid," and "service must be quashed." *Brown*, 117 So. 3d at 824.

*Reversed and remanded.*

Taylor and Klingensmith, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

4