DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROY L. LILLY,**
Appellant,

v.

**BANK OF AMERICA, N.A.,**
Appellee.

No. 4D18-2483

[April 10, 2019]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE 16-011132 (11).

Michele K. Feinzig of Law Offices of Robin Bresky, Boca Raton, for appellant.

Mary J. Walter of Liebler Gonzalez & Portuondo, Miami, for appellee.

PER CURIAM.

We reverse the circuit court's denial of appellant's motion to quash service of process and remand for an evidentiary hearing on the motion.

The circuit court failed to set an evidentiary hearing on appellant's facially sufficient motion to quash service of process. A defendant is entitled to an evidentiary hearing on a motion to quash service of process if the motion and accompanying affidavit, if proven by clear and convincing evidence, would show that the plaintiff failed to effect valid service. *Linville v. Home Sav. of Am., FSB*, 629 So. 2d 295, 296 (Fla. 4th DCA 1993). Appellant's motion to quash and accompanying affidavit adequately challenged the process server's failure to comply with section 48.031, Florida Statutes (2015). *See Nirk v. Bank of Am., N.A.*, 94 So. 3d 658, 659-660 (Fla. 4th DCA 2012) (holding that section 48.031(5), Florida Statutes (2010) required the information to appear on the copy of the summons); *see also Romeo v. U.S. Bank Nat'l Ass'n*, 144 So. 3d 585, 586 (Fla. 4th DCA 2014) ("When a process server fails to strictly comply with [statutes governing service of process], service must be quashed." (quoting *Brown v. U.S. Bank Nat'l Ass'n*, 117 So. 3d 823, 824 (Fla. 4th DCA 2013))).

*Reversed and remanded.*

GROSS, DAMOORGIAN and CIKLIN, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***