# Third District Court of Appeal

## State of Florida

Opinion filed May 25, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1334
Lower Tribunal No. 10-35457
_____

**The Estate of Ruth Torres,**
Appellant,

vs.

**U.S. Bank, N.A., etc.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Troy Nader (Flushing, NY), for appellant.

McGuireWoods LLP, and Sara F. Holladay, and Emily Y. Rottmann, and Kathleen D. Kilbride (Jacksonville), for appellee.

Before FERNANDEZ, C.J., and EMAS, and MILLER, JJ.

MILLER, J.

Appellant, the Estate of Ruth Torres, appeals an order denying a motion to quash service in a foreclosure lawsuit filed by appellee, U.S. Bank, N.A. On appeal, the Estate contends the trial court erred in failing to conduct an evidentiary hearing. Ordinarily, a party contesting service of process is entitled to an evidentiary hearing, even in the absence of a request for the same, "[w]here the allegations of the motion to quash service of process, if true, would entitle the movant to relief." Talton v. CU Members Mortg., 126 So. 3d 446, 447 (Fla. 4th DCA 2013); see Travelers Ins. Co. v. Davis, 371 So. 2d 702, 703 (Fla. 3d DCA 1979); Lilly v. Bank of Am., N.A., 267 So. 3d 452, 452 (Fla. 4th DCA 2019). Here, however, the sum of the evidence submitted by way of affidavit to the trial court as clear and convincing consisted of self-serving allegations by the personal representative that she did not see or speak to the process server, and she discovered the process documents in her mailbox. Although she contends this testimony was corroborated by a neighbor, the neighbor's affidavit falls short of any such conclusion. Instead, the neighbor's affidavit merely indicates that, on the morning service was supposedly effectuated, an unknown person banged on the neighbor's windows and then drove away. This showing was substantially weaker than that found to be insufficient as a matter of law to impeach the return of service in several decisions, including Slomowitz v.

Walker, 429 So. 2d 797 (Fla. 4th DCA 1983) and Jefferson Bank & Trust v. Levy, 498 So. 2d 450 (Fla. 3d DCA 1986). In the former decision, in addition to the denial of service of process by the defendant, there was affirmative testimony the defendant had never visited the location where she was purportedly served. Slomowitz, 429 So. 2d at 800. In the latter case, the defendant contended she had not been served and was living elsewhere, and her father testified there was an unsuccessful attempt to serve her at his home. Levy, 498 So. 2d at 451. On this authority, we conclude the proffered testimony, even if accepted as true, would be insufficient as a matter of law to invalidate the facially valid return of service. See Slomowitz, 429 So. 2d at 800; Levy, 498 So. 2d at 451; Lazo v. Bill Swad Leasing Co., 548 So. 2d 1194, 1195 (Fla. 4th DCA 1989); Fla. Nat'l Bank v. Halphen, 641 So. 2d 495, 496 (Fla. 3d DCA 1994); Telf Corp. v. Gomez, 671 So. 2d 818, 819 (Fla. 3d DCA 1996).

Affirmed.