DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MEREDYTH CAPASSO,**
Appellant,

v.

**MARY JO BUCHANAN** and **HERBERT BOOKSTEIN,**
Appellees.

No. 4D2023-1397

[January 17, 2024]

Appeal of nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Luis Delgado, Judge; L.T. Case No. 502021CA010471.

Ken Taninaka of Salomon, Kanner, Damian & Rodriguez, P.A., Miami, for appellant.

Andre G. Raikhelson of the Law Offices of Andre G. Raikhelson, Boca Raton, for appellee Mary Jo Buchanan.

PER CURIAM.

Appellant Meredyth Capasso appeals the trial court's order denying her amended motion to quash service of process following a non-evidentiary hearing. We reverse and remand for the trial court to hold an evidentiary hearing.

Appellant filed her amended motion to quash service of process after Appellee Mary Jo Buchanan attempted to serve process on her twice. Appellant argued the first attempt was invalid because the process server failed to place on the summons served the date and time of service, the server's initials or signature, and the server's identification number as required by section 48.031(5), Florida Statutes (2023), and Florida Rule of Civil Procedure 1.070. Appellant challenged the second attempt because the process server served the summons that had previously been returned as served but once again did not comply with all the requirements of section 48.031(5) and rule 1.070.

"A defendant is entitled to an evidentiary hearing on a motion to quash service of process if the motion and accompanying affidavit, if proven by clear and convincing evidence, would show that the plaintiff failed to effect valid service." *Lilly v. Bank of Am., N.A.*, 267 So. 3d 452, 452 (Fla. 4th DCA 2019) (citing *Linville v. Home Sav. of Am., FSB*, 629 So. 2d 295, 296 (Fla. 4th DCA 1993)).  Appellant is entitled to an evidentiary hearing because her motion adequately raised the process server's failure to strictly comply with section 48.031(5) and rule 1.070.  *See id.*; *see also Brown v. U.S. Bank Nat'l Ass'n*, 117 So. 3d 823, 824 (Fla. 4th DCA 2013) ("When a process server fails to strictly comply with [the service of process] rules, service must be quashed.").  Further, Appellant did not waive her objection to personal jurisdiction by filing discovery requests and motions relating to discovery or by otherwise defending the action.  *See Brown*, 117 So. 3d at 824 (defensive acts, such as discovery requests, do not waive defects in service because they do not constitute requests for affirmative relief).

Therefore, we reverse the trial court's order and remand for an evidentiary hearing.

*Reversed and remanded.*

KLINGENSMITH, C.J., DAMOORGIAN and CONNER, JJ., concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**