MONACO, J.
The appellant, Agere Systems, Inc., seeks review of a non-final order denying a motion for reconsideration of an earlier order. A motion for reconsideration does not toll the time to file an appeal from a non-final order. See Canfield v. Cántele, 837 So.2d 371, 376, n. 3 (Fla.2002). The reason, of course, is that motions addressed to non-final orders are not “authorized” within the meaning of Rule 9.020(h), Florida Rules of Appellate Procedure, and thus do not postpone rendition. See Deal v. Deal, 783 So.2d 319, 321 (Fla. 5th DCA 2001); Coldwell Banker Commercial v. Wightman, 649 So.2d 346, 347 (Fla. 5th DCA 1995).
In the present case the underlying non-final order was rendered on November 4, 2005. The underlying order was an ap-pealable non-final order pursuant to Rule 9.130, Florida Rules of Appellate Procedure, but review of it had to be initiated by the filing of a notice of appeal within thirty days of November 4, 2005. See Fla. R.App. P. 9.130(b). The order denying the motion for reconsideration was entered on *245 December 19, 2005. The appeal to this court was filed on January 11, 2006, well in excess of the allowable time.
Moreover, an order that simply denies a motion for reconsideration or rehearing of an underlying non-final order, such as the one sought to be appealed in this case, is not in itself an appealable order. See Richardson v. Watson, 611 So.2d 1254 (Fla. 2d DCA 1992). Since the notice of appeal was filed more than thirty days from the date of the underlying order for which reconsideration was sought, we do not have jurisdiction to review this matter. Accordingly, in the absence of jurisdiction, we dismiss the appeal.
DISMISSED.
PLEUS, C.J. and SHARP, W., J., concur.