THOMAS, J.
Appellant, The Panama City General Partnership (“Partnership”), appeals the trial court’s non-final order denying the *292 Partnership’s motion to quash service and set aside a default entered in Appellee’s (“Godfrey”) favor and the denial of its motion for rehearing or reconsideration.
We hold the motion for rehearing or reconsideration is properly considered as a motion for reconsideration, because a motion for rehearing is not authorized on a nonfinal order. And although a motion for reconsideration of a nonfinal order does not toll the 30-day time limit for appeal, the order denying the Partnership’s motion for reconsideration was entered and appealed within 80 days from the entry of the original nonfinal order. See Fla. R. App. P. 9.020(i); Fla. R. App. P. 9.130(b); see also Agere Sys., Inc. v. All American Crating, Inc., 931 So.2d 244 (Fla. 5th DCA 2006). As such, under these unique circumstances, the original nonfinal order and the order denying reconsideration are both properly before this court, as both were filed within 30 days of the trial court’s original nonfinal order. Otherwise, the order denying the Partnership’s motion for reconsideration of an appealable nonfinal order is not in itself, alone, an appealable order. Agere, 931 So.2d at 245.
Furthermore, while “a legally insufficient motion to vacate a default cannot be corrected as a matter of right by a motion for reconsideration or hearing, a trial court does have the inherent discretionary power to reconsider any order entered prior to the rendition of final judgment in the cause.” City of Hollywood v. Cordasco, 575 So.2d 301, 302 (Fla. 4th DCA 1991) (emphasis in original); Monte Campbell Crane Co., Inc., 510 So.2d 1104 (Fla. 4th DCA 1987) (holding that unauthorized motion for rehearing to set aside default heard by trial court will be considered as motion for reconsideration); see generally, James H. Wyman, Reconsideration or Rehearing: Is There a Difference, Fla. B.J., 83, June 2009, at 79. Because the trial court exercised its discretionary power and reached the merits of Appellant’s motion, we do so as well.
Godfrey filed a complaint against the Partnership for breach of contract. An affidavit of service was filed with the court by Robert Brady, process server, asserting that he had served a summons and complaint on George Porretta, the managing partner of the Partnership, at his home in Huntley, Illinois, on December 21, 2011. An entry of default was entered against the Partnership. Approximately three months later the Partnership filed a motion to quash service and set aside default, asserting that Porretta had moved from his home to an assisted living facility in Lincolnshire, Illinois, two days before the date of the alleged service.
One day before the hearing on the motion to quash service and set aside default, Godfrey filed Brady’s supplemental affidavit stating that he had served Porretta on November 25, 2011 (when the complaint was mistakenly filed in Bay County), and again on December 21, 2011 (with the summons and complaint for this case).
At the hearing, the Partnership asserted that Porretta’s affidavit denying service was sufficient to quash service, but if the trial court disagreed, then Porretta’s and Brady’s conflicting affidavits required the trial court to conduct a separate evidentia-ry hearing. The trial court stated that the Partnership could present evidence and testimony to support Porretta’s affidavit, but declined to continue the hearing in order to give the Partnership time to prepare supporting evidence. The Partnership, however, was not prepared to present evidence or testimony to support Porret-ta’s denial of service.
The trial court denied the motion to quash service and set aside default, finding that Porretta’s mere denial of service was *293 insufficient to impeach the validity of the summons and that the Partnership failed to demonstrate excusable neglect. Thereafter, the Partnership filed a motion for rehearing or reconsideration, asserting new arguments to quash service and providing additional exhibits to support Por-retta’s denial of service. The trial court denied the motion on the merits, finding the motion raised no new arguments.
We do not find that the trial court abused its discretion in declining to continue the hearing in order to allow the Partnership to present additional evidence. “[A] process server’s return of service on a defendant which is regular on its face is presumed to be valid absent clear and convincing evidence presented to the contrary.” Telf Corp. v. Gomez, 671 So.2d 818, 818 (Fla. 3d DCA 1996). “[A] defendant may not impeach the validity of the summons with a simple denial of service, but must present ‘clear and convincing evidence’ to corroborate his denial.” Id. at 819 (quoting Fla. Nat'l Bank v. Halphen, 641 So.2d 495, 496 (Fla. 3d DCA 1994)). Here, the Partnership called up its own motion to quash service and was aware that an affidavit of service had been filed, yet came to the hearing only prepared to deny the service to Porretta. This was insufficient as a matter of law, thus, the trial court did not abuse its discretion in declining to continue the hearing to give the Partnership additional time to prepare.
We reverse, however, for an evi-dentiary hearing based upon the Partnership’s motion for reconsideration, which makes a prima facie case to challenge service. See Thompson v. State, Dep’t of Revenue, 867 So.2d 603, 605 (Fla. 1st DCA 2004). The Partnership’s motion attached Porretta’s amended affidavit, an affidavit from Porretta’s son, a receipt from the moving company, and a letter from the director of the retirement community where Porretta now resides. All of these exhibits supported the Partnership’s assertion that Porretta had moved from his home two days before the date of the alleged service.
Further, the motion did more than deny service — it challenged the affidavit of service as facially defective. In Florida “there is a strong preference for lawsuits to be determined on the merits rather than by default judgment.” Southeast Land Developers, Inc. v. All Florida Site and Utilities, Inc., 28 So.3d 166, 167 (Fla. 1st DCA 2010) (citing Tutwiler Cadillac, Inc. v. Brockett, 551 So.2d 1270, 1272 (Fla. 1st DCA 1989), and Geer v. Jacobsen, 880 So.2d 717, 720 (Fla. 2d DCA 2004)). Therefore, because the trial court, in its discretionary power, considered the Partnership’s motion for reconsideration, and the motion raised more than a mere denial of service, an evidentiary hearing is required.
REVERSED and REMANDED.
WOLF, J., concurs; CLARK, J., dissents with opinion.