BENTON, J.
Antonio Buckman appeals the trial court’s order denying his motion, filed pursuant to Florida Rule of Civil Procedure 1.540(b), alleging that he was entitled to relief from judgment in a civil case because the judgment did not contain advice that any appeal had to be taken within 30 days. We affirm.
Pursuant to section 768.28, Florida Statutes (2008), Mr. Buckman sued two correctional officers, alleging that items of personal property he left behind when he was removed from his cell on May 4, 2009 (after he activated the water sprinkler system in his cell) were either missing or had been maliciously destroyed by the time he was allowed to return to his cell several days later. On October 21, 2010, the trial court entered a final order of dismissal, without leave to amend, pursuant to section 768.28(9)(a), Florida Statutes (2010).
The last day to appeal the order was November 22, 2010. But Mr. Buckman delivered his notice of appeal to institutional officials for mailing only on the following day, November 23, 2010. See Thompson v. State, 761 So.2d 324, 326 (Fla.2000) (holding that “a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if ... the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date”).
*134 In response to an order to show cause why the appeal should not be dismissed as untimely, Mr. Buckman argued the appeal should proceed because the untimely filing was the result of the trial court’s failure to advise him that he had no more than 30 days in which to appeal the order. This response to the order to show cause proved unavailing: On May 26, 2011, the appeal was dismissed for having been taken out of time. Buckman v. Beighley, 65 So.3d 49, 50 (Fla. 1st DCA 2011). See Fla. R. App. P. 9.110(b).
On July 21, 2011, Mr. Buckman filed the motion pursuant to Rule 1.540(b) that gave rise to the present appeal, requesting that the trial court set aside the order dismissing his action, based on the order’s failure to advise that he had only 30 days to appeal. Under Rule 1.540(b), a party may obtain relief from a final judgment or order for
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application.
Fla. R. Civ. P. 1.540(b). A “trial court is restricted in providing relief from judgments, decrees, or orders to the limited number of grounds set forth in Florida Rule of Civil Procedure 1.540.” Bank of Am., N.A. v. Lane, 76 So.3d 1007, 1008 (Fla. 1st DCA 2011). See Bortz v. Bortz, 675 So.2d 622, 624 (Fla. 1st DCA 1996); Pruitt v. Brock, 437 So.2d 768, 773 (Fla. 1st DCA 1983).
“The standard of review for an order denying a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of discretion.” Carmona v. Wal-Mart Stores, E., LP, 81 So.3d 461, 464 (Fla. 2d DCA 2011). The trial court did not abuse its discretion in determining Mr. Buckman failed to allege grounds for relief under Rule 1.540(b). The present case is not one where relief is warranted because a party received no notice of entry of a judgment or final order before the time to file a notice of appeal had expired. Cf, e.g., Rogers v. Cyrus, 941 So.2d 1196 (Fla. 1st DCA 2006); Broimi v. State, 708 So.2d 1041, 1041-42 (Fla. 1st DCA 1998); Wol-darsky v. Woldarsky, 243 So.2d 629, 630 (Fla. 1st DCA 1971).
While clearly articulating his argument that the final judgment had to include advice that the parties have only 30 days to appeal, Mr. Buckman cites no rule of court nor any court decision imposing such a requirement in a civil action.
Affirmed.
LEWIS, C.J. and WETHERELL, J., concur.