PER CURIAM.
Appellant seeks review of the trial court’s denial of his motion to vacate a final judgment of foreclosure. Initially, this Court found Appellant had timely invoked its jurisdiction. Upon further review, however, we find we are without jurisdiction, withdraw our previous conflicting orders, and dismiss Appellant’s appeal.
In October 2010 Appellee, Wells Fargo Bank, obtained a final judgment of foreclosure against Appellant, Scott Helmich. In September 2012 Appellant filed a motion for relief from this final judgment. Days later, the trial court denied Appellant’s motion for relief from final judgment. Three days after that, Appellant filed a motion for “rehearing/reconsideration.” Eight days after the court’s denial, the court referred “pending motions” for review and hearing before a general magistrate. Ultimately, the magistrate recommended denying Appellant’s motion. And in April 2013, the court approved the magistrate’s report and recommendation and adopted it, effectively denying Appellant’s motion for rehearing/reconsideration. Appellant appealed to this Court.

I. The Issue Presented

It is axiomatic that an appeal must be filed within thirty days of entry of the final judgment; this is jurisdictional and irremediable. Sims v. State, 998 So.2d 494, 509-11 (Fla.2008). It is also clear that a party’s motion for rehearing/reconsideration directed at denial of relief from judgment is unauthorized and will not toll the unwavering thirty-day time limit. Fla. R. App. P. 9.130(a)(5); Frantz v. Moore, 772 So.2d 581, 581 (Fla. 1st DCA 2000). This is true even where the court erroneously takes up an unauthorized motion for rehearing. Princess Cntises, Inc. v. Edwards, 611 So.2d 598 (Fla. 2d DCA 1993); Potucek v. Smeja, 419 So.2d 1192, 1194 (Fla. 2d DCA 1982).
What is not clear, and what we write to address, is whether a trial court may sua sponte decide to revisit a matter a party could not otherwise request the court revisit.[1] That is, whether referral to the magistrate was a permissible sua sponte grant of rehearing/reconsideration sufficient to toll Appellant’s time to appeal. We hold the trial court was without authority to either rehear or reconsider its denial of relief from final judgment. As a result, Appellant’s notice of appeal, filed some six months after the court’s denial, was untimely.

II. Rehearing

Florida Rule of Civil Procedure Rule 1.530 permits a court to rehear a matter after entry of judgment:
Not later than [ten[2]] days after entry of judgment or within the time of ruling on *765 a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
Fla. R. Civ. P. 1.530(d).
First, an order denying relief from judgment is not a “judgment” as contemplated by Rule 1.530(d). See In re Amendments to the Fla. Rules of Appellate Procedure, 2 So.3d 89, 92-93 (Fla. 2008) (explaining “unique nature” of order denying relief from judgment); see also Talley v. Canal Indem. Co., 558 So.2d 1088, 1088-90 (Fla. 4th DCA 1990) (Anstead, J., specially concurring) (explaining denial of 1.540 motion is not a “judgment” “subject to motion for rehearing under Rule 1.530[d]”); Francisco v. Victoria Marine Shipping, Inc., 486 So.2d 1386, 1387 (Fla. 3d DCA 1986) (holding denial of relief from final judgment is not a “judgment” as contemplated under Rule 1.530(d)). Rule 1.530(d) only permits courts to rehear matters after entry of “judgment.” As the court’s denial is not a judgment under Rule 1.530(d), the court was without authority to rehear its denial of relief from judgment.
Second, Rule 1.530(d) permits the court to initiate rehearing only “for any reason for which it might have granted a rehearing or a new trial on motion of a party.” Fla. R. Civ. P. 1.530(d) (emphasis added). The court is thus limited to initiating and granting rehearing for reasons it could have done so had a party requested it. Id. A party, though, is not authorized to move for rehearing of a 1.540 denial. Frantz, 772 So.2d at 581. Correspondingly, a court would not have been authorized to grant rehearing on request of a party, and it does not then have the authority under .Rule 1.530(d) to initiate rehearing on its own accord.
Post-judgment modification, amendment, or vacation are limited to the “time and manner provided by rule or statute.” See Shelby Mut. Ins. Co. v. Pearson, 236 So.2d 1, 3-4 (Fla.1970). These methods are exclusive. See Buckman v. Beighley, 128 So.3d 133, 134 (Fla. 1st DCA 2013). Here, neither the court nor Appellant possessed a mechanism to rehear the court’s denial of relief from judgment. Instead, Appellant’s mechanism for review of the court’s denial was timely appeal to this Court.

III. Reconsideration

Despite the lack of a specific rule permitting a court to rehear its denial, courts have the inherent authority to reconsider most matters. See generally Panama City Gen. P’ship v. Godfrey Panama City Inv., LLC, 109 So.3d 291, 292 (Fla. 1st DCA 2013) (construing unauthorized motion for rehearing as motion for reconsideration and explaining general ability of trial court to reconsider matters it could not otherwise rehear) (citing Monte Campbell Crane Co., Inc. v, Hancock, 510 So.2d 1104 (Fla. 4th DCA 1987)); see also Silvestrone v. Edell, 721 So.2d 1173, 1175 (Fla.1998) (citing N. Shore Hosp., Inc. v. Barber, 143 So.2d 849, 851 (Fla.1962) (“[I]t is well settled that a trial court has the inherent authority to control its own interlocutory orders prior to final judgment.”)).
Yet, this inherent authority is limited to non-final, interlocutory orders rendered prior to final judgment. See Panama City Gen. P’ship, 109 So.3d at 292 (“any order entered prior to the rendition of final judgment in the cause.”); see also Silvestrone, 721 So.2d at 1175 (“any of its nonfinal *766 rulings prior to entry of the final judgment or order terminating an action”); N. Shore Hosp., 148 So.2d at 851 (“control its own interlocutory orders prior to final judgment”). An order denying a motion for relief from judgment is not interlocutory or non-final. See Fla. Rules of Appellate Procedure, 2 So.Bd 89, 92-93 (Fla.2008) (explaining “unique nature” of order denying relief from judgment and amending Rule 9.130 title to include “specified final orders”). And the denial comes after final judgment, thus limiting the jurisdiction and authority of the trial court to Rules 1.530 and 1.540. See Shelby Mut. Ins. Co. v. Pearson, 236 So.2d 1, 3-4 (Fla.1970); Buckman v. Beighley, 128 So.3d 133, 134 (Fla. 1st DCA 2013). Because the denial was not interlocutory or non-final, and because it was subject to the strict limits and manner of rule and statute, the court was without inherent authority to reconsider its decision. Instead, Appellant’s mechanism for review was timely appeal to this Court.

IV. Conclusion

We recognize the need to balance the desire for the correct result, thus permitting the court leeway to rehear and reconsider its rulings, with the need for finality and efficiency. See Francisco, 486 So.2d at 1389; see also Shelby Mut. Ins. Co. v. Pearson, 236 So.2d at 3. Our determination preserves this balance. Rule 1.530(d) provides the first ability to attack a “judgment” within ten/fifteen days of rendering. Rule 1.540 then permits a second challenge to the already final judgment — sometimes many years afterwards. And finally, this second challenge (to something already final and potentially reheard) would be reviewed by an appellate court. The current depth of review provides an appropriate balance between correctness and finality, without the need to add an additional review mechanism.
Rule 1.530(d) only permits the court to initiate rehearing of “judgments” and if it could have done so upon the motion of a party. This was not a judgment, as contemplated by Rule 1.530(d), and neither Appellant nor Appellee was authorized to seek rehearing. The trial court was not authorized to do so either. Reconsideration is only appropriate for interlocutory orders prior to final judgment. The trial court’s denial of relief from judgment is not interlocutory, and rendered after final judgment, pursuant to particular and special relief specified by rule. This denial was not subject to reconsideration.
Appellant’s thirty-day clock began to tick at rendition of the court’s denial of his request for relief from judgment. Neither Appellant’s request for rehearing or reconsideration, nor the court’s sua sponte referral to a magistrate, tolled this time. Appellant filed his notice of appeal well beyond his thirty-day limit. Accordingly, his appeal is DISMISSED as untimely.
PADOVANO, CLARK, and SWANSON, JJ., concur.

. Contrary to Appellee’s opinion, no authority, from this jurisdiction or otherwise, addresses this specific issue. This appears to be an issue of first impression and would not, therefore, conflict with any case law from this Court or our sister courts.

. Effective January 1, 2014, this time period has been expanded to fifteen days. In re *765 Amendments to Fla. Rules of Civil Procedure, 131 So.3d 643, 651 (Fla.2013).