# Third District Court of Appeal

## State of Florida

Opinion filed June 1, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2782
Consolidated: 3D14-2707
Lower Tribunal No. 13-31175
_____

**Wells Fargo Bank, National Association, as
Trustee for Structured Asset Mortgage Investments II Inc., Bear
Stearns Mortgage Funding Trust 2006-AR3, Mortgage Pass
Through Certificates, Series 2006-AR3,**
Appellant,

vs.

**Sally N. Sawh, et al.,**
Appellees.

Appeals from the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

Kula & Associates, Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellant.

Roniel Rodriguez, IV, for appellee, Credo LLC.

Before WELLS, LAGOA and SCALES, JJ.

WELLS, Judge.

Wells Fargo Bank, National Association, appeals from a final order dismissing this mortgage foreclosure action following entry of a redemption order, claiming that because the redemption order improperly liquidated unliquidated amounts due, it is entitled to relief as a matter of law.[1]  Because we agree with

---

[1] We earlier consolidated this appeal with an appeal from an order denying both reconsideration—which the trial court mischaracterized as an order denying a rule 1.530 motion for rehearing—and alternatively, as an order denying rule 1.540 relief from a redemption order.  We now dismiss that appeal because (1) a redemption order is a non-final order to which neither rule 1.530 nor rule 1.540 applies; (2) while motions for reconsideration of non-final orders are authorized, such motions will not toll the time for prosecuting a non-final appeal under rule 9.130; and, (3) orders denying reconsideration of a non-final order are not independently reviewable under rule 9.130.  Riley v. Grissett, 556 So. 2d 473, 474 n.1 (Fla. 1st DCA 1990) (confirming that redemption orders are non-final orders subject to review under rule Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii)); Fla. R. Civ. P. 1.530(a) (authorizing motions for rehearing "of matters heard without a jury, including summary judgments"); see Deal v. Deal, 783 So. 3d 319, 321 (Fla. 5th DCA 2001) ("Rule 1.530 has been consistently construed to authorize rehearings only of orders and judgments which are final in nature."); Hialeah Hotel, Inc. v. Woods, 778 So. 2d 314, 315 (Fla. 3d DCA 2000) (confirming that "Rule 1.540 applies only to final judgments, not to interlocutory orders"); Fla. R. App. P. 9.130(b) (stating that jurisdiction to review non-final orders in district courts of appeal may be invoked by filing a notice of appeal within thirty days of rendition of the order to be reviewed); Fla. R. App. P. 9.020(i) (providing that rendition occurs upon the filing of a signed, written order with the clerk of the lower tribunal "unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial, for rehearing, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, for arrest of judgment, to challenge the verdict, to correct a sentence or order of probation . . . , or to vacate an order based upon the recommendations of a hearing officer"); see also Agere Sys. Inc. v. All Am. Crating, Inc., 931 So. 2d 244, 244-45 (Fla. 5th DCA 2006) (confirming that "motions [for rehearing or reconsideration] addressed to *non-final* orders are not

2

Wells Fargo that the amount due to redeem the mortgage at issue was unliquidated and required evidentiary support, we reverse the final order of dismissal, vacate the redemption order, and remand for an evidentiary hearing to determine the amount that must be paid to redeem this mortgage.

This action commenced in October 2013, when Wells Fargo filed suit to foreclose a mortgage securing an adjustable rate note executed by Sally N. Sawh. Along with a number of lienholders, Credo, LLC was named as a party and joined as "the current owner[] of the property which is the subject of the Mortgage." The verified complaint alleged that principal in the amount of $3,331,190.81 was due, as well as additional amounts not specified in the complaint for interest, taxes, insurance, escrow advances, the cost of inspections and property preservation, and the expenses, including attorneys' fees incurred in pursuing the instant action:

---

'authorized' within the meaning of Rule 9.020[i] . . . and thus do not postpone rendition," and that "an order that simply denies a motion for reconsideration or rehearing of an underlying *non-final* order . . . is not in itself an appealable order").

This does not, however, preclude consideration of the redemption order at issue here. See Fla. R. App. P. 9.130(h) (providing that the right to immediate appeal of non-final orders "shall not preclude initial review of a non-final order on appeal from the final order in the cause"); Auto Owners, Ins. Co. v. Hillsborough Cty. Aviation Auth., 153 So. 2d 722, 724 (Fla. 1963) ("The appeal from the final judgment brings up for review all interlocutory orders entered as a necessary step in the proceeding."); Deal, 783 So. 2d at 320 (concluding that while a notice of appeal from a non-final order was untimely because "a motion for rehearing directed to a non-final order . . . is not authorized under the rules and does not toll the time for filing the notice of appeal" it would not bar appellate review "after final disposition of the case in the trial court").

10. There is now due and owing the principal sum of $3,331,190.81, together with all sums that may be due for interest, taxes, insurance, escrow advances and/or fees for inspections, property preservations or other expenses incurred to protect the property, and expenses and costs of suit including but not limited to filing fees, recording fees, title search and examination fees, fees due for service of process and such other costs as may be allowed by this Court.

In accordance with section 28.241 of the Florida Statutes governing filing fees, Wells Fargo also filed an unsworn estimate of the amount in controversy. See § 28.241(1)(a)2.a., Fla. Stat. (2013) (requiring parties instituting civil actions in circuit court relating to real property or mortgage foreclosures to pay a graduated filing fee based on the estimated value of their claims). That estimate stated, as did the verified complaint, the "Principal due on the note" was $3,331,190.81, an amount which alone exceeded the $250,000 minimum threshold stated in section 28.241 for payment of the maximum filing fee allowed. See § 28.241(1)(a)2.d.(III), Fla. Stat. (2013) (requiring the payment of a filing fee in real property and mortgage foreclosure actions in the amount of "[o]ne thousand nine hundred dollars in all cases in which the value of the claim is $250,000 or more").

On February 26, 2014, five months after this action was filed, Credo, as owner of the property securing the mortgage, filed two motions: a motion for summary judgment claiming that Wells Fargo lacked standing to pursue foreclosure and a motion to redeem the mortgage. The motion to redeem asked the

4

trial court to determine the amount that had to be paid to redeem the mortgage, stating only the principal balance as alleged in the complaint as the amount due:

> **COMES NOW**, the Defendant, Credo LLC, by and through its undersigned attorney, and hereby moves this Honorable Court for an order determining the sums required to redeem the mortgage alleged to be held by the Plaintiff, and as grounds thereof would state:
>
> 1. That the Movant is the owner of the real property subject to the instant action seeking to foreclose a mortgage allegedly owned and held by the Plaintiff.
>
> 2. That the Movant has an equitable and legal right to redeem the first mortgage in this matter in order to protect its real property and is ready willing and able to redeem the first mortgage sued upon herein upon a determination as to the redemption amount. The Plaintiff's complaint alleges a principal sum due and owing of $3,331,190.81 on a $3,000,000 note.
>
> **WHEREFORE**, it is respectfully requested that this Honorable Court set the redemption amount of the Plaintiff's mortgage, to be paid on or before May 1, 2014, thereby allowing the Movant the opportunity to redeem the mortgage and removing it as a lien on the Movant's real property.

The same day this motion was filed, February 26, it was set by Credo's counsel to be heard only twelve days later for a non-evidentiary hearing on the trial court's five-minute motion calendar. When this motion was filed and notice provided to counsel, Wells Fargo was represented solely by Choice Legal Group, P.A. out of Ft. Lauderdale. At the time, Choice's cases were being transferred to the Albertelli law firm in Tampa. On March 5, the notice of hearing on the motion

to redeem was e-mailed by Choice to Albertelli Law, but inadvertently not forwarded to an Albertelli attorney to handle.

Twelve days after the motion to redeem and the notice of hearing thereon were filed, the motion to redeem was heard. An attorney from Choice appeared, but no attorney from the Albertelli firm appeared. The hearing was not transcribed, thus, no record of it exists other than the trial court's order. That order recites the basis for its determination that Credo need pay $3,347,233.21—only $16,042.40 more than the principal amount alleged in the complaint—to redeem the mortgage, as: Credo's unsworn motion, the verified complaint (which stated only the principal amount then due on the loan), and argument of counsel:

### ORDER ON CREDO'S MOTION TO REDEEM MORTGAGE

**THIS CAUSE** came on before the Court for hearing on March 10, 2014, upon Credo LLC's Motion to Redeem Mortgage, and the Court having reviewed the Motion, the Verified Complaint, argument of counsel, Fl. Stat. 45.0315, and being otherwise fully advised in the premises therein, it is hereby,

**ORDERED and ADJUDGED**: That the Motion is *GRANTED*. Pursuant to Section 45.0315, Florida Statute, the Defendant may tender to the Plaintiff, on or before May 1, 2014, the total sum of $3,347,233.21, which upon tender shall constitute redemption of the mortgage in Miami-Dade County, Florida, Official Records Book 24869 at Page 4530, on the property legally described as Lot26 [sic], Block 16, Bay Point, according to the Plat thereof, recorded in plat book 40, page 63, of the public records of Miami-Dade County, Florida, commonly known as 4575 Sabal Palm Road, Miami, Florida 33134. Upon redemption, this Order shall constitute a satisfaction of said mortgage, extinguishing the mortgage of record. The tender shall be made by wire transfer to JPMorgan Chase Bank,

6

N.A., Account . . . , ABA Routing Number . . ., Attention: Payoff Processing, Loan # 15891468; or by Mail to Chase, 3415 Vision Drive, Mail Code: OH4-7126, Columbus, OH 43219.

**DONE and ORDERED** in Chambers at Miami, Miami-Dade County, Florida on March 10, 2104[.]

Over a month later, on April 15, Albertelli Law filed a response to Credo's motion for summary judgment on the issue of standing. Two weeks later, on April 29, the court below entered an order approving an agreement between Credo and another party named in the foreclosure complaint as having an interest in the property at issue. The following day, Credo tendered the amount stated in the redemption order. Credo then conveyed the property to a third party.

On May 22, Wells Fargo moved for reconsideration of the March 10 redemption order or alternatively for an order vacating that order under rule 1.540.[2] That motion claimed, in pertinent part, that the amount due to redeem was unliquidated; that Wells Fargo was entitled to adequate notice; and that an evidentiary hearing was necessary to liquidate the amount due to redeem the

---

[2] See Helmich v. Wells Fargo Bank, N.A., 136 So. 3d 763, 765 (Fla. 1st DCA 2014) (recognizing that trial courts have the inherent authority to reconsider non-final, interlocutory orders rendered prior to final judgment); Hunter v. Dennies Contracting Co., Inc., 693 So. 2d 615, 616 (Fla. 2d DCA 1997) ("At all times prior to entry of the final order terminating an action, the trial court has inherent authority to reconsider any of its nonfinal rulings, and, if it deems it appropriate, to alter or retract them."); Bettez v. City of Miami, 510 So. 2d 1242, 1243 (Fla. 3d DCA 1987) ("It is well settled in this state that a trial court has inherent authority to reconsider, as here, any of its interlocutory rulings prior to the entry of a final judgment or final order in the cause.").

mortgage. That motion was accompanied by an affidavit—the only sworn testimony in the record with regard to the amount due—that demonstrated that the redemption amount was $4,624,169.03, or $1,276,935.82 more than the amount set by the trial court:

| | |
|---|---|
| Principal Balance | $3,331,190.81 |
| Interest Due from 02/01/09 through 04/30/14 at Variable % | $ 724,534.04 |

. . . .

| | |
|---|---|
| Pre-Acceleration Late Charges | $ 3,747.98 |

Escrow

Escrow Deficiency-Real Estate Taxes for the year 2013 $66,907.70

Escrow Deficiency-Real Estate Taxes for the year 2012 $55,239.88

Escrow Deficiency-Real Estate Taxes for the year 2011 $46,243.78

Escrow Deficiency-Real Estate Taxes for the year 2010 $43,311.10

Escrow Deficiency-Real Estate Taxes for the year 2009 $44,017.17

Escrow Deficiency-Real Estate

8

Taxes for the year <u>2008</u>
<u>$75,144.97</u>

Escrow Deficiency-Real Estate
Taxes for the year <u>2007</u>
<u>$121,614.22</u>

Hazard Insurance
<u>$187,407.72</u>

. . . .

Credits
<u>$(75,797.34)</u>

| | |
|---|---|
| Total Escrow | $ 564,089.20 |
| Broker's Price Opinion/Appraisal | $ 250.00 |
| . . . . | |
| Property Inspections | $ 357.00 |
| . . . . | |
| TOTAL: | $4,624,169.03 |

On June 20, the same trial judge who signed the redemption order issued an order setting Wells Fargo's mortgage foreclosure action for trial on September 8. On September 4, that same judge continued the non-jury foreclosure trial until December 1. It was not until September 29 that Credo responded to Wells Fargo's motion for reconsideration or to vacate the redemption order.

On October 9, the trial court denied Wells Fargo's motion for reconsideration or alternatively to vacate the March 10 redemption order, finding

that the motion was untimely; that Wells Fargo failed to demonstrate excusable neglect; that Wells Fargo failed to comply with rule 1.530[3]; that damages were liquidated; that Wells Fargo did not appeal because damages were liquidated; and that section 45.0315 does not require a trial to redeem a mortgage. On November 6, Wells Fargo appealed from that order.

On November 7, the court below dismissed the foreclosure action in an order expressly recognizing that Wells Fargo had reserved "all appellate rights" and finding that "nothing in this Order shall constitute a waiver of those rights." On November 13, Wells Fargo timely filed a notice of appeal from that order.

Our standard of review on this appeal is de novo. See Aills v. Boemi, 29 So. 3d 1105, 1108 (Fla. 2010) (confirming generally that questions of law arising from undisputed facts are reviewed de novo); Talbot v. Rosenbaum, 142 So. 3d 965, 967 (Fla. 4th DCA 2014) ("Whether damages alleged are liquidated or unliquidated is a question of law subject to de novo review."). Applying that standard here, we find that both the notice and the evidence presented below were insufficient as a matter of law to support the redemption order on appeal.

"Damages are liquidated when the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded

---

[3] The record reflects that Wells Fargo did not move for rehearing under rule 1.530 but, citing to the trial court's inherent authority to reconsider interlocutory orders before entry of final judgment, moved instead for reconsideration of the redemption order.

agreement between the parties, by an arithmetical calculation or by application of definite rules of law. . . . However, damages are not liquidated if the ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment." Ciprian-Escapa v. City of Orlando, 172 So. 3d 485, 489 (Fla. 2d DCA 2015) (quoting Bowman v. Kingsland Dev., Inc., 432 So. 2d 660, 662-63 (Fla. 5th DCA 1983)). Thus, as our sister court in Ciprian-Escapa recently confirmed, while specific damages alleged in a complaint may be considered in some circumstances as liquidated, where, as here, the specific sum stated is claimed to be the amount due "to date" or the minimum amount due or even the amount due exclusive of interest, attorney's fees, and costs, the amount alleged is not liquidated. Id. at 489-90.

It is well established that where damages are unliquidated, due process requires meaningful notice of a trial or hearing at which evidence will be adduced to determine the amount due:

> It is well settled that a . . . party "has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of unliquidated damages." Bowman v. Kingsland Development, Inc., 432 So. 2d 660, 663 (Fla. 5th DCA 1983); accord Watson v. Internet Billing Co., Ltd., 882 So. 2d 533 (Fla. 4th DCA 2004); Pierce v. Anglin, 721 So. 2d 781 (Fla. 1st DCA 1998). Indeed, "[t]he setting of unliquidated damages without the required notice and without proof is regarded as fundamental error." Security Bank, N.A. v. BellSouth Adver. & Publ'g Corp., 679 So. 2d 795, 800 (Fla. 3d DCA 1996), approved, 698 So. 2d 254, 256 (Fla. 1997); see also

11

Williams v. Direct Dispensing, Inc., 630 So. 2d 1195 (Fla. 3d DCA 1994); Buffington v. Torcise, 504 So. 2d 490 (Fla. 3d DCA 1987).

Cellular Warehouse, Inc. v. GH Cellular, LLC, 957 So. 2d 662, 666 (Fla. 3d DCA 2007); see also Rutshaw v. Arakas, 549 So. 2d 769, 770 (Fla. 3d DCA 1989) (finding that the trial court's order setting a trial on damages with just one-day notice was "insufficient as a matter of law" and curable on direct appeal).

Generally, in actions in which damages are not liquidated, the trial court must enter an order fixing a trial or hearing date to liquidate damages, providing at least thirty-days notice thereof. See Fla. R. Civ. P. 1.440(c). In this case, the trial court did not enter an order noticing either a trial or an evidentiary hearing on Credo's request to liquidate the amount due to Wells Fargo. Rather, Credo gave Wells Fargo twelve-days notice of a non-evidentiary hearing on the trial court's motion calendar on its request to redeem the mortgage. This, as our earlier decision in Rutshaw confirms, was legally insufficient and in our view entitles Wells Fargo to a reversal of the redemption order.

Since this matter was set on the trial court's five-minute motion calendar where no evidence is entertained, no court reporter was present. Neither party suggests that any evidence was adduced at that hearing to support liquidating all of the sums due to Wells Fargo under section 45.0315 of the Florida statutes governing redemptions. See § 45.0315, Fla. Stat. (2013) (authorizing redemption before judgment, but only upon payment of all of the following: the amount due

12

because of the exercise of a right to accelerate, reasonable expenses and costs, and attorney's fees incurred by the creditor).[4]  Nor do they argue that Wells Fargo stipulated to the amounts due.  In fact, no stipulation appears in the record nor is one mentioned in the court's redemption order which cites the sole basis for its ruling as "[Credo's unverified] Motion, the Verified Complaint, and argument of counsel."  Rather, Credo claims here that because *it* did not dispute the principal amount alleged to be due when the action was filed ($3,331,190.81) and that because that amount was repeated in Wells Fargo's unsworn section 28.241 estimate of claim value, there was no need for an evidentiary hearing to liquidate the amount due to redeem the Wells Fargo mortgage.  This is baseless.

The fact that the amount of principal alleged to be due in the complaint ($3,331,190.81) at the time the action was filed was more than the face amount of the loan stated in the note and mortgage ($3,000,000), does not establish the amounts that had to be paid to Wells Fargo under section 45.0315 to redeem—that

---

[4] Section 45.0315 provides:

> **Right of redemption** . . . [I]f no judgment, order, or decree of foreclosure has been rendered, [any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale] by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.

§45.0315, Fla. Stat. (2013).

13

is, those amounts due to Wells Fargo "because of the exercise of [the] right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees." Id.[5] And, Wells Fargo's section 28.241 unsworn estimate of value filing does nothing to cure this evidentiary deficiency so as to obviate the necessity for an evidentiary hearing and evidence as to the amounts due under section 45.0315 to redeem.

Section 28.241 (which is included in that part of the Florida Statutes governing the clerks of Florida's circuit courts) sets a sliding scale for the payment of circuit court filing fees pegged to the amount in controversy. To determine the amount of the fee that must be paid, this provision requires claimants to "estimate" the amount in controversy. Where a mortgage foreclosure is involved, the estimate must include an estimate of the amount of principal claimed to be due; any amounts due for interest; moneys advanced for taxes, insurance, and other advances secured by the mortgage; and the value of any tax certificates. § 28.241(1)(a)2.a.-2.b., Fla. Stat. (2013).

An estimate required by this provision need not be verified, and the only "penalty" for failure to fully comply with the provision's estimate requirements is the obligation to pay the correct filing fee when the matter is resolved:

---

[5] Viewed another way, Wells Fargo certainly could not have secured a summary judgment on no more than this pleading and its attachment.

In its order providing for the final disposition of the [foreclosure] matter, the court shall identify the actual value of the claim. The clerk shall adjust the filing fee if there is a difference between the estimated amount in controversy and the actual value of the claim and collect any additional filing fee owed or provide a refund of excess filing fee paid.

§ 28.241(1)(a).2.c., Fla. Stat. (2013).

Here, the section 28.241(1)(a)2.b. estimate filed by Choice, Wells Fargo's then legal representative, consistent with the verified complaint, states the principal amount due as $3,331,190.81. While it does not list in the spaces provided any amounts due for the payment of interest, advances on the note, property taxes, insurance, tax certificates, or otherwise, the failure is meaningless because the estimated amount stated as due for principal alone, $3,331,190.81, by far exceeds the threshold amount needed to trigger application of the maximum filing fee authorized by law:

d. The party shall pay a filing fee of:

. . . .

(III) One thousand nine hundred dollars in all cases in which the value of the claim is $250,000 or more . . . .

§ 28.241(1)(a)2.d.(III), Fla. Stat. (2013).

In short, Wells Fargo's section 28.241 "estimate" of the value of its claim confirms only what the verified complaint alleges, that the "[p]rincipal" amount due at the time of filing was $3,331,190.81. Neither it, nor the verified complaint,

whether considered alone or together, constitute evidence of, or otherwise establish, the total amount that Credo was obligated to pay to redeem as expressly required by section 45.0315.

We therefore find the amounts due to Wells Fargo under section 45.0315 were not liquidated when the motion to redeem was filed, at the time that motion was heard, or at any subsequent time. See Bodygear Activewear, Inc. v. Counter Intelligence Servs., 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006) (confirming that damages are liquidated when they may be determined with exactness from the cause of action pled, that is, "from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law") (quoting Pierce v. Anglin, 721 So. 2d 781, 783 (Fla. 1st DCA 1998) (quoting Bowman, 432 So. 2d at 662)). Indeed, the only evidence of record in this case with regard to the precise amounts due for those costs and expenses incurred by Wells Fargo, which must be paid under section 45.0315, come from the affidavit filed by Wells Fargo in support of its motion for reconsideration of the March 10 order. That affidavit shows that in addition to the $3,331,190.81 in principal claimed to be due, $724,534.04 in interest, $3,747.98 in pre-acceleration late charges, $564,089.20 in real estate taxes and insurance, and $607 in other expenses for a total of $4,624,169.03—without consideration of any attorney's fees—had to be paid to allow Credo to redeem.

In sum, because Wells Fargo's damages were not liquidated when Credo moved to redeem, the burden fell on Credo as the moving party to set or to have set an evidentiary hearing on its motion to redeem and to adduce evidence or to spread a stipulation on the record to prove the amounts that it was obligated to pay under section 45.0315 to redeem. Otherwise, and as section 45.0315 expressly states, "there [wa]s no right of redemption."

We therefore reverse the final order dismissing the instant foreclosure action, vacate the March 10 redemption order, and remand for an evidentiary hearing to determine the amount that must be paid to redeem this mortgage. In light of this determination, we order Wells Fargo to reimburse Credo any sums paid by it in compliance with the March 10 order.

Reversed and remanded with instructions.