NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


PREMISE, INC.; STAY SECURE )
SOLUTIONS, LLC; and ROBERT G. )
NOWELS, )
    )
        Appellants, )
    )
v. )    Case No. 2D16-3466
    )
WITHLACOOCHEE RIVER ELECTRIC )
COOPERATIVE, INC., )
    )
        Appellee. )
    )

Opinion filed March 10, 2017.

Appeal pursuant to Fla. R. App. P. 9.130
from the Circuit Court for Pasco County;
Linda Babb, Judge.

Harold D. Holder, III, and J. Carter Andersen
of Bush Ross, P.A., Tampa, for Appellants.

Morgan W. Streetman of Streetman Law,
Tampa, for Appellee.


VILLANTI, Chief Judge.

        Premise, Inc., Stay Secure Solutions, LLC, and Robert G. Nowels

(collectively "Premise") appeal an order which denied a motion to set aside final

judgment entered in favor of Withlacoochee River Electric Cooperative, Inc. (WREC), in

an action for breach of contract arising from a purchase and maintenance agreement. Because the trial court based the default judgment amount upon its erroneous belief that the damages alleged in the complaint were liquidated, we must reverse.

Premise contracted with WREC for the purchase and maintenance of computer hardware and software. The terms of the contract included a five-year hardware and software support plan from IBM. When Premise failed to provide the support plan starting in the third year of the five-year term, WREC filed a complaint asserting that its "damages are at a minimum the cost of the line item Defendants failed to provide, which totaled $47,994.85 ($44,855 plus 7% tax)." Premise did not respond to WREC's complaint, and default was entered. The trial court then entered final judgment in favor of WREC, and it awarded damages without conducting an evidentiary hearing because WREC requested liquidated damages based on the line item from the contract. Thereafter, Premise filed an amended motion to set aside final judgment and request for evidentiary hearing, in which it argued that the court erred in awarding damages without holding a hearing because the damages were not liquidated. A hearing on the motion was held, and the trial court ruled in favor of WREC, denying the motion. This appeal follows.

As a general rule, Florida Rule of Civil Procedure 1.440(c) requires an evidentiary hearing on claims for unliquidated damages. See Wells Fargo Bank, Nat'l Ass'n v. Sawh, 194 So. 3d 475, 481 (Fla. 3d DCA 2016). "Damages are unliquidated when their ascertainment requires the taking of testimony." Medcom USA, Inc. v. Ryder Homes & Groves Co., 847 So. 2d 594, 596 (Fla. 2d DCA 2003). Conversely, to be liquidated, the damages alleged in the complaint must be certain without the necessity

of an evidentiary hearing and "the proper amount to be awarded can be determined with exactness from the cause of action as pleaded, i.e., from a pleaded agreement between the parties, by an arithmetical calculation or by application of definite rules of law." Bodygear Activewear, Inc. v. Counter Intelligence Servs., 946 So. 2d 1148, 1150 (Fla. 4th DCA 2006) (quoting Pierce v. Anglin, 721 So. 2d 781, 783 (Fla. 1st DCA 1998)). "Specific damages that are alleged in the complaint are admitted by default[,] . . . become liquidated damages," and require no further proof of damages. Ciprian-Escapa v. City of Orlando, 172 So. 3d 485, 489 (Fla. 5th DCA 2015); Maggiano v. Whiskey Creek Prof'l Ctr., LLC, 160 So. 3d 535, 536 (Fla. 2d DCA 2015). However, in order to become liquidated in this manner, the damages must be definite and final. Ciprian-Escapa, 172 So. 3d at 489. Moreover, "while specific damages alleged in a complaint may be considered in some circumstances as liquidated, where, as here, the specific sum stated is claimed to be . . . the minimum amount due . . . the amount alleged is not liquidated." Sawh, 194 So. 3d at 480.

Here, in WREC's complaint, it asserted that its "damages are at a minimum the cost of the line item Defendants failed to provide, which totaled $47,994.85 ($44,855 plus 7% tax)." (Emphasis added.) The use of the phrase "damages are at a minimum" in a complaint is inconsistent with the assertion that the trial court can determine liquidated damages without a hearing. Therefore, under the circumstances of this case, the default does not dispense with the need for a hearing on damages after notice. See Fla. R. Civ. P. 1.440(c); Ciprian-Escapa, 172 So. 3d at 488 (stating that the failure to comply with Florida Rule of Civil Procedure 1.440 is reversible error).

- 3 -

Accordingly, we reverse and remand for an evidentiary hearing to determine damages.

Reversed and remanded with instructions.

CASANUEVA and KHOUZAM, JJ., Concur.