# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0240
Lower Tribunal Nos. 18-35066, 18-35069

_____

**Monica Samara,**
Appellant,

vs.

**Tenet Florida Physician Services, LLC, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Solnick Law, P.A., and Peter J. Solnick, for appellant.

Richard D. Tuschman, P.A., and Richard D. Tuschman (Davie); Lash & Goldberg, LLP, and Martin B. Goldberg, and David R. Ruffner, for appellees.

Before LINDSEY, HENDON, and BOKOR, JJ.

ON MOTION TO DISMISS

LINDSEY, J.

This is an appeal from an order denying a motion for reconsideration and rehearing.[1] Appellees have filed a motion to dismiss for lack of jurisdiction. Because the order on appeal is not an appealable order and does not suspend rendition of an appealable order, we grant the motion to dismiss.

Appellant, Plaintiff below, Monica Samara is a former employee of Appellee, Defendant below, Tenet Florida Physician Services, LLC. While employed at Tenet, Samara worked with Appellee, Defendant below, Dr.

---

[1] "Motions for rehearing and motions for reconsideration are two distinct motions and, though they are often confused, they do not overlap." Seigler v. Bell, 148 So. 3d 473, 478 (Fla. 5th DCA 2014). As the Fifth District in Seigler further explained:

> Motions for "rehearing" pursuant to Florida Rule of Civil Procedure 1.530 apply only to final judgments and "those orders that partake of the character of a final judgment, i.e., orders that complete the judicial labor on a portion of the cause." Francisco v. Victoria Marine Shipping, Inc., 486 So. 2d 1386, 1390 n.6 (Fla. 3d DCA 1986) (citations omitted). Motions for "reconsideration" apply to nonfinal, interlocutory orders, and are based on a trial court's "inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action . . . ." Silvestrone v. Edell, 721 So.2d 1173, 1175 (Fla.1998) (citations omitted).

Id. at 478-79.

Adrian Legaspi. The underlying action stems from allegations of sexual harassment and retaliation.[2] On September 13, 2019, following an evidentiary hearing, the court granted Tenet's and Legaspi's motions to compel arbitration based on an arbitration agreement Samara had signed as an employee. Samara did not appeal the non-final order compelling arbitration. See Fla. R. App. P. 9.130(a)(3)(C)(iv) (authorizing appellate review of non-final orders that determine "the entitlement of a party to arbitration").

Over a year later, on September 16, 2020, Samara filed a motion for reconsideration and rehearing directed at the September 13, 2019 order compelling arbitration. In her motion, Samara asserted she had amended her complaint in arbitration and abandoned her claims for negligent and intentional infliction of emotional distress and substituted a claim for malicious prosecution. She argued that because the remaining claims for malicious prosecution and defamation do not arise out of her employment, they do not belong in arbitration. The court denied Samara's motion on January 6, 2021, and Samara appealed.

---

[2] Samara filed separate lawsuits against Dr. Legaspi and Tenet. The two cases were subsequently consolidated.

3

An order on a motion for rehearing is not an appealable order. Fla. R. App. P. 9.130(4) ("Orders disposing of motions for rehearing or motions that suspend rendition are not reviewable separately from a review of the final order . . . ."). "Moreover, an order that simply denies a motion for reconsideration or rehearing of an underlying *non-final* order, such as the one sought to be appealed in this case, is not in itself an appealable order." Agere Sys. Inc. v. All Am. Crating, Inc., 931 So. 2d 244, 245 (Fla. 5th DCA 2006).

In some instances, a motion for rehearing can toll rendition of an appealable order, but that is not the case here. This is because motions for rehearing are not authorized for non-final orders. See Fla. R. App. P. 9.130(a)(5) ("Motions for rehearing directed to these orders [appealable non-final orders] are not authorized under these rules and therefore will not toll the time for filing a notice of appeal."); Philip J. Padovano, 2 Fla. Prac., Appellate Practice § 2:4 (2019 ed.) ("A motion can suspend rendition of an order only if the motion is authorized under the rules governing the proceeding in which the order was entered. For example, a motion for rehearing does not suspend rendition of a nonfinal order because rehearing is not authorized as to nonfinal orders." (footnotes omitted)).

4

We therefore grant Appellees' motion to dismiss and dismiss the appeal.

Dismissed.