# Third District Court of Appeal

## State of Florida

Opinion filed February 5, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-0863
Lower Tribunal No. 20-8277-CA-01

————————————

**Sans Souci Condominium Association, Inc.,**
Appellant,

vs.

**American Coastal Insurance Company,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Alvarez, Feltman, Da Silva & Costa, P.L., and Paul B. Feltman, for appellant.

Bickford & Chidnese, LLP, and Patrick M. Chidnese and Frieda C. Lindroth (Tampa), for appellee.

Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

In this first-party insurance case, Sans Souci Condominium Association Inc. (the "Association") appeals (i) an April 12, 2024 nonfinal order denying the Association's June 15, 2020 motion to compel appraisal ("Appraisal Order"), and (ii) a May 6, 2024 order denying the Association's motion to reconsider ("Reconsideration Motion") that was directed at the Appraisal Order ("Reconsideration Order"). Because the Association appealed both orders within thirty days from rendition of the Appraisal Order, we have appellate jurisdiction over both orders. See Fla. R. App. P. 9.130(a)(3)(C)(iv) (providing Florida's district courts appellate jurisdiction over nonfinal orders that determine a party's entitlement to appraisal under an insurance policy); Alonso-Llamazares v. Int'l Dermatology Research, Inc., 339 So. 3d 385, 392 n.5 (Fla. 3d DCA 2022) ("Because the order denying Dr. Alonso's motion for reconsideration was entered and appealed within 30 days from the entry of the temporary injunction, that order is also properly on review.").

We affirm the Appraisal Order because the trial court's determination that the requisite "disagreement" triggering the subject policy's appraisal provision had not yet been reached is supported by competent, substantial evidence. See People's Tr. Ins. Co. v. Garcia, 263 So. 3d 231, 233 (Fla. 3d DCA 2019) ("In reviewing a trial court's order denying a motion to compel

2

appraisal, 'factual findings are reviewed for competent, substantial evidence, and the application of the law to the facts is reviewed de novo.'" (quoting <u>Fla. Ins. Guar. Ass'n v. Waters</u>, 157 So. 3d 437, 439-40 (Fla. 2d DCA 2015))); <u>Certain Underwriters at Lloyd's v. Lago Grande 5-D Condo. Ass'n</u>, 337 So. 3d 1277, 1280-81 (Fla. 3d DCA 2022) ("Simply put, the parties did not engage in a meaningful exchange sufficient to establish a disagreement regarding the value of the property or the amount of loss. . . . [T]he Association did not provide a repair estimate to the Insurer, or put the Insurer on notice that its repair estimate and scope of repairs was different from the Insurer's.").

We affirm the Reconsideration Order because the Association's Reconsideration Motion failed to allege, much less establish, that the trial court had overlooked undisputed facts or misapprehended an issue when entering the Appraisal Order. <u>See</u> <u>Bank of Am., N.A. v. Bank of N.Y. Mellon</u>, 338 So. 3d 338, 341 n. 2 (Fla. 3d DCA 2022) ("A trial court does not abuse its discretion in denying a motion for reconsideration or rehearing which raises an issue that could have [been], but wasn't, raised in the initial motion or at the initial hearing."). The Association's Reconsideration Motion was essentially a successive motion to compel appraisal based on facts developed *long after* the Association filed its June 15, 2020 motion to compel

3

appraisal and after the trial court entered the Appraisal Order. Our affirmance of the Reconsideration Order, therefore, (i) is not premised on the merits of the arguments contained in the Association's Reconsideration Motion, and (ii) is without prejudice to the Association filing a renewed motion to compel appraisal in the lower court proceeding.

Affirmed.

SCALES, J., concurring.

I concur with the opinion affirming both appealed orders and write only to explain this Court's exercise of appellate jurisdiction to review the Reconsideration Order.

On April 12, 2024, the trial court entered the Appraisal Order. The Association filed its Reconsideration Motion nineteen days later, on May 1, 2024. The trial court summarily denied the Reconsideration Motion without a hearing, rendering the Reconsideration Order on May 6, 2024. On May 10, 2024, the Association filed its notice of appeal that identifies both the Appraisal Order and the Reconsideration Order as the challenged orders.

We obviously have appellate jurisdiction to review the Appraisal Order because the order, denying the Association's motion to compel an appraisal pursuant to the underlying insurance policy's appraisal clause, is contained in Florida Rule of Appellate Procedure 9.130(a)(3)'s schedule of appealable nonfinal orders. See Fla. R. App. P. 9.130(a)(3)(C)(iv). Our appellate jurisdiction to review the Reconsideration Order, however, is not so clear cut.

Florida's district courts of appeal generally lack appellate jurisdiction to review trial court orders that deny motions for reconsideration of nonfinal

orders appealable under rule 9.130. See Samara v. Tenet Fla. Physician Servs., LLC, 317 So. 3d 187, 189 (Fla. 3d DCA 2021) (dismissing the appeal of an order denying a motion for reconsideration directed at an appealable nonfinal order because "[a]n order that simply denies a motion for reconsideration . . . of an underlying *non-final* order . . . is not in itself an appealable order" (quoting Agere Sys. Inc. v. All Am. Crating, Inc., 931 So. 2d 244, 245 (Fla. 5th DCA 2006))); Wells Fargo Bank, Nat'l Ass'n v. Sawh, 194 So. 3d 475, 476 n.1 (Fla. 3d DCA 2016) ("[O]rders denying reconsideration of a non-final order are not independently reviewable under rule 9.130."). Indeed, even where the appeal of the appealable nonfinal order is timely, Florida's district courts have dismissed that aspect of the appeal seeking review of an order denying a motion for reconsideration directed at the nonfinal order that is reviewable under rule 9.130. See Solman-Staropoli v. Califano, 645 So. 2d 84, 84 (Fla. 4th DCA 1994) (affirming a timely appealed nonfinal order that is appealable under rule 9.130, but dismissing the appeal of the order denying reconsideration of the appealable nonfinal order); Ryland v. Beachside Physical Therapy, Inc., 302 So. 3d 509, 510 (Fla. 5th DCA 2020) (same, citing Califano with approval); see also Fabre v. 4647 Block, LLC, 49 Fla. L. Weekly D1914, 2024 WL 4219455, at * 2 n.4 (Fla. 3d DCA Sept. 18, 2024) (observing same, in *dicta*).

In Alonso-Llamazares v. International Dermatology Research, Inc., 339 So. 3d 385, 392 n. 5 (Fla. 3d DCA 2022), though, a panel of this Court relied upon Panama City General Partnership v. Godfrey Panama City Investment, LLC, 109 So. 3d 291 (Fla. 1st DCA 2013),[1] and exercised appellate jurisdiction over *both* an appealable nonfinal order granting an injunction (appealable under rule 9.130(a)(3)(B)) *and* the trial court order denying reconsideration of its nonfinal injunction order "[b]ecause the order denying [the appellant's] motion for reconsideration was entered and appealed within 30 days from the entry of the temporary injunction[.]"

In the instant case, because the nonfinal Reconsideration Order, like the nonfinal reconsideration order in Alonso-Llamazares, was entered and

---

[1] In Godfrey, a split panel of the First District exercised appellate jurisdiction over both an appealable nonfinal denying the appellant's motion to quash service of process and the order denying appellant's motion for reconsideration of the appealable nonfinal order. 109 So. 3d at 292. The majority's only stated rationale for exercising jurisdiction over the reconsideration order was that the appeals of "the original nonfinal order and the order denying reconsideration . . . were filed within 30 days of the trial court's original nonfinal order." Id.

Dissenting to his colleagues' exercise of appellate jurisdiction over the order denying reconsideration, Judge Clark reasoned that (i) only those nonfinal orders included in the categories listed in rule 9.130 are appealable, and (ii) because motions for reconsideration directed toward nonfinal orders are not contained in that exhaustive list, the court lacked appellate jurisdiction to review the order denying reconsideration. Id. at 294 (Clark, J., dissenting).

appealed within thirty days of the Appraisal Order (an appealable nonfinal order), we have, consistent with <u>Alonso-Llamazares</u>, exercised appellate jurisdiction over both the Appraisal Order and the Reconsideration Order. We are bound by the holding in <u>Alonso-Llamazares</u>.[2] If we were writing on a clean slate, I would be inclined to dismiss, rather than adjudicate, the instant appeal as to the Reconsideration Order because, irrespective of when the appeal of that order was filed, as Judge Clarke's dissent in <u>Godfrey</u> correctly notes, orders on motions for reconsideration of nonfinal orders are not listed in rule 9.130(a)(3)'s exhaustive schedule of appealable nonfinal orders, and are otherwise not appealable. <u>Godfrey</u>, 109 So. 3d at 294 (Clark, J., dissenting). While the trial court certainly has the authority to reconsider its interlocutory rulings, the trial court's authority to do so does not enlarge our appellate jurisdiction beyond that prescribed by rule 9.130. <u>Id.</u>

---

[2] A panel of this Court is bound by the holding of a prior panel; only the Court sitting *en banc* can recede from the prior panel's holding. <u>See</u> <u>Nat'l Med. Imaging, LLC v. Lyon Fin. Servs., Inc.</u>, 347 So. 3d 63, 64 (Fla. 3d DCA 2020).